JOHN WILSON, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Where, in an indictment for forgery, the counterfeit note, which it is charged the prisoner had in his possession, is set forth in *hæc verba*, it is unnecessary to allege, in addition, that the note purported to be the act of another.

On the trial of an indictment for forgery, the counterfeit note offered in evidence had upon its face the words, "Countersigned and registered in the Bank Department," and the signature of the register, "A. D. Ward." No such certificate or signature appeared on the note set forth in the indictment. It was held to be no variance.

THIS case came before the court on a writ of error to the New York General Sessions. The questions raised on the trial are sufficiently stated in the opinion of the court.

*John Sedgwick,* for the plaintiff in error.

*N. J. Waterbury* (District Attorney), for the People.

*By the Court,* SUTHERLAND, J. There is no question in this case, except the one as to variance and the validity of the indictment. This question I think very plain.

The forged and counterfeited note, which the indictment alleges the prisoner had in his possession, is set forth in the indictment in *hæc verba;* it was therefore unnecessary for the indictment formally to allege, in addition, in the words of the statute, that the note purported to be the act of another, &c. (*The People* v. *Rynders,* 12 *Wend. R.,* 430.)

When the note was produced on the trial, the counsel for the prisoner objected to its being put in evidence on the ground of variance, the note, as set forth in the indictment, not appearing to have upon it the certificate, "countersigned and registered in the Bank Department," and the signature of the register, "A. D. Ward."

The objection was overruled, and an exception taken.

The ruling of the court was clearly right. The certificate of the register is no part of the note. As to the bank the note is a valid note without the registering, certificate, &c. The statute requiring the registering, &c., is for the protection of the public, not of the bank. If the bank, without regard to the requirements of the statute, issues notes to circulate as money, how can it set up its infraction of the law as an excuse for not paying or redeeming the note? If it could do so, it would be taking advantage of its own wrong, and that no bank or individual can do.

The note set forth in the indictment, without the certificate of the register, if genuine and actually issued by the bank, would have bound the bank, and would have been the sub-

ject of forgery, and therefore I think the objection, on the ground of variance, not well taken.

It seems that in England forgery might be committed on unstamped paper. (2 *East Cr. L.*, 955; *Hawkeswood's Case.*)

The judgment of the General Sessions should be affirmed.

Judgment affirmed.

---

SUPREME COURT. New York General Term, December, 1861. *Sutherland, Ingraham* and *Clerke,* Justices.