## T. S. ALEXANDER v. THE STATE.

*No. 3236.   Decided November 9.*

1. **Forgery—Indictment.**—Article 431 of the Penal Code provides as follows: "He is guilty of forgery who, without *lawful authority*, and with intent to *injure* or *defraud*, shall make a false *instrument in writing*, purporting to be the act of *another*, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged, or defeated any *pecuniary obligation*, or would have transferred, or in any manner have affected any *property* whatever." Article 438 of the same Code reads as follows: "By an instrument, which would 'have transferred, or in any manner have affected' property, is meant every species of conveyance, or undertaking in writing, which supposes a right in the person purporting to execute it, to dispose of, or change the character of property of every kind, and which can have such effect when genuine." *Held*, that within the purview of the said articles an order for the delivery of a diploma issued by the Board of Directors of the Prairie View State Normal Institute, is the subject of forgery, the same coming within the meaning of the last clause of Article 438. See the opinion *in extenso* on the question.

2. **Same—Evidence—Variance.**—The alleged forged instrument reads as follows: "Mrs. A. C. Neal: Please send my diploma to me by this young man. W. W. Wolfe." It is set out in the indictment as follows: "Mrs. A. C. Neal: Please send my diploma to me by this young man (meaning T. S. Alexander) (signed) W. W. Wolfe." The defense objected to the instrument when offered in evidence because of variance between it and the indictment. *Held*, that the words in parenthesis, as they appear in the indictment, were properly inserted by way of *innuendo*, explanatory of the instrument, and do not constitute a variance; wherefore the objection was properly overruled.

APPEAL from the District Court of Rusk. Tried below before J. H. Wood, Esq., Special Judge.

The opinion discloses the nature of the case. The penalty assessed against the appellant was a term of two years in the penitentiary.

The rulings of the court do not require a statement of the proof on the trial.

No brief for appellant has reached the Reporter.

*W. L. Davidson,* Assistant Attorney-General, for the State.

Willson, Judge.—It is charged in the indictment that the defendant, without lawful authority and with intent to injure and defraud, made a false instrument in writing purporting to be the act of W. W. Wolfe. Said instrument in writing is set out in the indictment, and is as follows:

" Mrs. A. C. Neal:—Please send my diploma to me by this young man.

" W. W. Wolfe."

The diploma referred to in said instrument was issued to said W. W. Wolfe by the board of directors of the Prairie View State Normal Institute, on May 31, 1887, and certified that said Wolfe had completed the prescribed course in that institute, etc. It was proved on the trial that Mrs. A. C. Neal had the lawful possession of said diploma; that the same belonged to said Wolfe and was of the value of three dollars; that the defendant by means of said forged instrument in writing obtained possession of said diploma from said Mrs. Neal.

It is contended by counsel for defendant that the indictment does not allege an offense against the law, and that the facts proved do not show an offense against the law, because the instrument in writing alleged to have been forged is not such an instrument as ·is embraced within the meaning of the provisions of our code defining, etc., forgery.

We agree with counsel for defendant that said instrument in writing does not come within the meaning of "pecuniary obligation." It is not an instrument having money for its object, nor is it an obligation for the breach of which a civil action for damages might be lawfully brought. Penal Code, art. 437.

But is not the instrument in question such that if it had been genuine it would have transferred or in some manner have affected property?' If so, it is within the meaning of forgery. Penal Code, art. 431. By such an instrument "is meant every species of conveyance or undertaking in writing which supposes a right in the person purporting to execute it to dispose of or change the character of property of every kind, and which can have such effect when genuine." Penal Code, art. 438. Does said instrument come within the scope of this definition? It is not a "conveyance" within the legal meaning of that word. A "conveyance" is the act or instrument by which property in real estate is transferred. 4 Am. and Eng. Ency'p of Law, p. 132; Bouvier's Law Dic. This word can not be applied to an instrument in writing relating to personal property. Is the instrument an "undertaking in writing?" An "undertaking" is defined by Bouvier to be " an engagement by one of the parties to a contract to the other, and not the mutual engagement of the parties to each other; a promise. It does not necessarily imply a consideration."

We think the instrument in question is an undertaking in writing. It is an engagement by Wolfe, the owner, that the defendant shall have possession of the diploma; a promise by Wolfe that the same shall be delivered to the defendant. It supposes a right in Wolfe to dispose of the diploma—that is, to change the *possession* of it, and to change the possession of it would, in our opinion, be a disposing of it within the meaning of the statute. It is true, we think, that the rights and privileges conferred by the diploma could not be transferred or assigned. Such rights and privileges were peculiar and personal to said Wolfe, and he alone could exercise them. But while he could not invest another with such rights and privileges, he certainly could control the *possession* of the instrument, and pass possession of it from one to another  And, furthermore, Wolfe could certainly transfer his property in the paper or substance upon which the diploma is written or printed, and while his transfer would not entitle the transferee to exercise the rights and privileges conferred upon Wolfe, it would vest in such transferee the title to the substance upon which the diploma is made, and which substance might be valuable with or without the diploma upon it.

That the instrument forged, if it had been genuine, could have the effect to transfer the possession of the diploma must, we think, be admitted. It passed the right of possession from Mrs. Neal to the defendant, and by means of the false instrument such change of possession was actually effected.

We think the indictment charges, and the evidence establishes facts which constitute under our code the offense of forgery.

In accord with our views above expressed, is the charge of the trial court, and we think the charge gives all the law of the case. In so far as the special instructions requested by defendant are correct, they are substantially given in the court's charge.

It was not error to admit in evidence the alleged forged instrument. It was correctly set forth in the indictment. There is no variance between the allegations and the proof. In setting forth the instrument in the indictment the pleader inserted in parenthesis certain words, by way of *innuendo*, explanatory of the meaning of said instrument. This was not improper, but usual, and necessary in this instance. These inserted words do not appear as the words of the instrument being set forth, and are not susceptible of being so treated.

Believing that there is no error in the conviction the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.