[Crim. No. 47. First Appellate District.—July 19, 1906.]

# THE PEOPLE, Respondent, v. ARTHUR CRANE, Appellant.

CRIMINAL LAW—FORGERY OF CHECK—SUFFICIENCY OF INFORMATION—CIRCUMSTANCES OF OFFENSE.—An information for forgery which charges defendant with having willfully and feloniously uttered and passed to a person named a certain false, forged and counterfeit check as the true and genuine check of the purported maker thereof, knowing the same to be false, forged and counterfeit, with the intent to defraud the said person, and setting forth the counterfeit check, is not demurrable for not stating the particular circumstances of the offense charged.

ID.—WORD "(SIGNED)" USED IN INFORMATION.—The fact that the word "(signed)" is prefixed in parentheses before the forged name of the maker of the check in the information does not show, as matter of law, that the instrument forged was a mere copy of the check, and could damage no one, but it must be assumed that the information charges that the prefix was written by defendant before delivery of the check, and its presence does not render the information demurrable.

ID.—IMMATERIAL VARIANCE—OMISSION OF WORD "(SIGNED)" IN CHECK PROVED.—The fact that the forged check introduced in evidence omits the word "(signed)" before the signature of the maker thereof does not show such a material variance from the information as to preclude its admission in evidence. That word, if inserted in the instrument passed by defendant, would not have changed the character of the instrument, or have varied its legal import, or the apparent obligation of the maker.

ID.—SUBSTANTIAL IDENTITY OF INSTRUMENT—BAR TO FURTHER PROSECUTION.—The requirement that the forged instrument offered in evidence shall conform to that laid in the information or indictment has reference to its identity and to the manner in which it is described. If its identity is so apparent that a conviction or acquittal of the defendant would be a bar to any further prosecution for the same offense, a variance in description by the presence or absence of unimportant words which do not affect the sense of the instrument, or change its identity in any material respect, will not constitute a material variance.

ID.—TESTIMONY OF PERSON WHOSE NAME WAS FORGED—BANK ACCOUNT—IMMATERIAL EVIDENCE OF PREVIOUS PAYMENTS—ADMISSION OF DEFENDANT.—It was competent for the person whose name was

forged to testify that he had money in the bank on which the check was drawn at its date. His testimony that at different times he had paid defendant's salary in checks, though objectionable as being immaterial, would not prejudice the defendant, especially where it appears that after his arrest defendant admitted that the check offered in evidence was forged by him.

ID.—INSTRUCTIONS—DUTY OF JURY—DEFINITION OF FORGERY—UTTERING OF FORGED INSTRUMENT.—The court properly instructed the jury that it was their duty to accept the law from the court, and to read, as part of its charge, the definition of forgery embodied in section 470 of the Penal Code and to instruct them that the uttering of a forged instrument by the defendant as true and genuine, with the knowledge that it was a forgery and with the intent to defraud, would constitute the crime of forgery as fully as would a forgery itself of the instrument.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

W. Lair Hill, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HARRISON, P. J.—The information herein filed against the appellant charges him with having willfully and feloniously uttered and passed to Charles E. Noyes a certain false, forged and counterfeit check as the true and genuine check of the purported maker thereof, knowing the same to be false, forged and counterfeit, with the intent to defraud the said Noyes, "which said check is in the words and figures as follows, to wit:

"Central Bank. Savings and Commercial.
"No. 90.
"Oakland, Cal., June 3rd, 1905.
"Pay to Arthur Crane or bearer $18 eighteen dollars.
"(signed)   D. J. HALL,
"Trustee Hutchinson Estate."

—and which was indorsed on the back thereof as follows: "Arthur Crane." Upon the trial thereof the defendant was convicted of the crime of forgery, and has appealed from the judgment thereon and from an order denying a new trial.

1. The defendant demurred to the information on the ground that the facts stated therein do not constitute a public offense; and that the information does not state the particular circumstances of the alleged offense charged. No suggestion is made that any circumstances connected with the offense other than those stated are "necessary to constitute a complete offense"; and unless such is the fact the information is not demurrable under the provisions of section 952 (2), Penal Code.

It is urged, however, by the appellant that, as the information states that the instrument charged to have been uttered by him and passed to Noyes had the word "(signed)" prefixed to the name of D. J. Hall, it appears upon its face that it was not the true and genuine check of Hall, but only a copy of the check purporting to have been made by him, and therefore that Noyes could not have been damaged or prejudiced by receiving it. It is without question a very unusual mode of drawing a check for the maker thereof to prefix his signature with the word "signed"; but as it cannot be said that a check could not be drawn in this form, or that if so drawn such prefix would in any respect qualify the liability of the drawer, it cannot be assumed as a matter of law that the prefix did not purport to have been written by him before its delivery. Under the charge in the information that the entire instrument as set forth therein was false and forged, and that the defendant passed the same well knowing that it was false and forged, it must be held that the word "signed" was included in the information as being a portion of the written instrument which the defendant is charged with having passed as the true and genuine check of Hall. The demurrer was therefore properly overruled.

2. At the trial the prosecution offered in evidence in support of the charge a check identical in form with that set forth in the information, except that the word "(signed)" was not written thereon. The defendant objected to its introduction upon the ground that it was not the same instrument which is charged in the information to have been uttered by him. The court overruled this objection and allowed the check to be read to the jury, to which ruling the defendant excepted.

There was no error in this ruling. The rule which in early days prevailed in prosecutions for forgery, that the in-

strument set forth in the indictment must be an exact copy
of that offered in support of the charge, has been in modern
days relaxed to the extent that, unless the variance is such that
the defendant may have been prejudiced in making his de-
fense, or exposed to the danger of being again put in jeopardy
for the same offense, it will be held to be immaterial.   (See
*People* v. *Phillips,* 70 Cal. 61, [11 Pac. 493].)   The require-
ment that the instrument offered in evidence must conform
to that laid in the indictment has reference to its identity
and the manner in which it is described.   If its identity is so
apparent that a conviction or acquittal of the defendant
would be a bar to any further prosecution for the same
offense, the variance will be insufficient to justify its exclu-
sion.   The presence or absence of 'unimportant words which
do not affect the sense of the instrument, or change its
identity in any material respect, will not constitute a mate-
rial variance.

In *People* v. *Wilson,* 5 Park. Cr. Rep. 178, upon a trial for
the forgery of a promissory note, the note offered in evidence
had upon its face the words ''Countersigned and registered
in the Bank Department,'' with the signature of the register,
A. D. Ward, which were not upon the copy set forth in the
indictment   The variance was held immaterial on the ground
that those words formed no part of the note.   In *State* v.
*Alexander,* 28 Tex. App. 186, [12 S. W. 595], the instrument
set forth in the indictment was as follows, viz.: ''Mrs. A. C.
Neal.   Please send me my diploma by this young man (mean-
ing T. S. Alexander).   (signed)   W. W. Wolfe.''   The
instrument offered in evidence did not contain the words in-
cluded in the parentheses; but the court held that those words
inserted by way of innuendo did not constitute a material
variance.   In *People* v. *Cross,* 47 Ill. 152, [95 Am. Dec. 474],
defendant was indicted for the forgery of a check purporting
to have been made by C. H. Beckwith.   The check offered in
evidence was signed ''C. H. Beckwith'' with the word ''Ran-
dolph'' underneath.   The variance was held to be immaterial
upon the ground that the word ''Randolph'' did not explain
itself, and might be a check word or the name of the street in
which Beckwith did business.   In *People* v. *Trask,* 151 Ill.
523, [38 N. E. 248], the indictment for the forgery of a draft
set forth a copy of the instrument purporting to have been
drawn upon ''C. C. Burt & Co., 115 Broadway.''   The in-

4 Cal. App.—10

strument offered in evidence purported to have been drawn upon "C. C. Burt & Co., Broadway, New York." The court held the variance to be immaterial upon the ground that those words were only a mere description of the drawee's residence and not a part of the instrument. (See, also, *People* v. *Cummings,* 57 Cal. 88; *People* v. *Paige,* 6 Park. Cr. Rep. 683; *People* v. *Langdale,* 100 Ill. 263; *Commonwealth* v. *Sutton,* 97 Ky. 308, [30 S. W. 661]; *State* v. *Smith,* 29 Fla. 408, [10 South. 894].)

This subject was quite fully discussed in *People* v. *Phillips,* 70 Cal. 61, [11 Pac. 493], and in *People* v. *Terrill,* 132 Cal. 495, [64 Pac. 894], and many authorities are there cited in support of the above proposition. In *People* v. *Phillips,* the court say: "We think the true rule is that if the variance does not change the sense in any way it is not material"; and again: "When in the indictment a word found in the instrument proved is omitted from the instrument as recited, or when a word is inserted in the instrument described which is not in the instrument proved, and the change in no manner or for any purpose alters the signification, the variance is unimportant."

The identity of the check in question with that laid in the indictment is so apparent that the court was fully justified in receiving it in evidence. If the word "signed" had been in fact written as a prefix to the name of Hall in the instrument which was passed by the defendant it would not have changed the character of the instrument or in any respect varied its legal import or the apparent obligation of the maker.

3. The several objections of the defendant to the evidence as it was offered, on the ground that the indictment stated no offense, require no further consideration. The objection to the question asked of the witness D. J. Hall, whether he had an account in the Central Bank of Oakland during the month of June, 1905, on the ground that it was "incompetent" was properly overruled. The question asked of the same witness, whether he, as trustee of the Hutchinson estate, had drawn a check payable to the defendant, was immaterial, and should have been sustained by the court; but it is very evident that the answer of the witness, that he had at different times paid him his salary in checks, could in no respect have

been prejudicial to the defendant, especially in view of the testimony that the defendant, after his arrest, admitted that the check offered in evidence was forged by him.

4. It was not error to inform the jury that they were to accept the law as given to them by the court, or, in instructing them upon the law applicable to the case, to read to them the provisions of section 470, Penal Code, defining forgery. It was proper that they should be instructed that the uttering of a forged instrument by the defendant as true and genuine, with the knowledge that it was a forgery and with the intent to defraud, would constitute the crime of forgery as fully as would a forgery itself of the instrument.

The judgment and order are affirmed.

Cooper, J., and Hall, J., concurred.