[Criminal No. 512.    Filed October 29, 1921.]

[201 Pac. 397.]

### A. C. COOK, Appellant, v. STATE, Respondent.

FORGERY—CHECK OF INDIVIDUAL ADMITTED IN EVIDENCE HELD MATERIALLY DIFFERENT FROM THE CHECK OF SAME PERSON AS SUPERINTENDENT, DESCRIBED IN THE INFORMATION.—In a prosecution for forgery, the check offered in evidence, purporting to be by one as superintendent, differed materially from the copy set out in the information, purporting to be by the same person as an individual, and the variance was fatal.

APPEAL from a judgment of the Superior Court of the County of Maricopa.    R. C. Stanford, Judge. Judgment reversed, with directions.

Mr. Thomas J. Croaff, for Appellant.

Mr. W. J. Galbraith, Attorney General, and Mr. R. E. L. Shepherd, County Attorney, for the State.

FLANIGAN, J.—The appellant was convicted of the crime of forgery, under an information which charged the uttering, passing, and publication of a certain forged bank check of the following tenor:

"Florence, Arizona, April 30, 1920, No. 508
PINAL BANK AND TRUST COMPANY    91–80
Pay to the
Order of          A. C. Cook          $50.00
x x x x   ONLY FIFTY x x x x          DOLLARS
          (signed)   C. G. Powell."

Upon the trial there was offered in evidence by the state, in support of the charge, an instrument in form as follows:

"ARIZONA STATE PRISON

C. G. Powell, Supt.

Florence, Arizona, April 30, 1920, No. 508

PINAL BANK AND TRUST COMPANY        91–80

Pay to the

Order of            A. C. COOK            $50.00

x x x x   ONLY FIFTY x x x x        DOLLARS

C. G. Powell,

Superintendent

By            Secretary."

Defendant duly objected to the reception of such instrument in evidence, upon the ground of variance between it and the check described in the information. This objection was overruled, and the instrument admitted. Upon the conclusion of the testimony for the state, the defendant moved for a directed verdict, "for a fatal variance between the allegations in the information and the instrument which was introduced in evidence." This motion was denied. Appellant offered no evidence. A verdict of guilty was returned, judgment rendered thereon, and defendant was sentenced to be imprisoned under the judgment. Defendant moved for a new trial, which was denied.

Upon this appeal, error is assigned to the rulings of the court: (1) Admitting in evidence the check referred to; (2) refusing to direct a verdict of not guilty at the conclusion of the state's case; (3) denying defendant's motion for a new trial—all based upon the ground that there was a fatal variance between the instrument set out in the information and the instrument put in evidence. We shall consider these assignments in the order they are made:

A defendant in any proceeding, criminal or civil, is entitled to know the exact nature of the charge

made against him, that he may make defense thereto, and that there shall be preserved 'an unerring record of the matter adjudicated, lest he be twice vexed for the same cause. And· so far as the specific criminal charge made in this case is concerned, the following quotation from the opinion in *People* v. *Crane,* 4 Cal. App. 144, 87 Pac. 240, well and fairly states the law:

"The rule which in early days prevailed in prosecutions for forgery, that the instrument set forth in the indictment must be an exact copy of that offered in support ·of the charge, has been in modern days relaxed to the extent that, unless the variance is such· that the defendant may have been prejudiced in making his defense, or exposed to the danger of being again put in jeopardy for the same offense, it will be held to be immaterial. See *People* v. *Phillips,* 70 Cal. 61, 11 Pac. 493. The requirement that the instrument offered in evidence must conform to that laid in the indictment has reference to its identity and the manner in which it is described. If its identity is so apparent that a conviction or acquittal of the defendant would be a bar to any further prosecution for the same offense, the variance will be insufficient to justify its exclusion. The presence or absence of unimportant words which do not affect the sense of the instrument, or change its identity in any material respect, will not constitute a material variance."

Applying these principles, we have no hesitancy in holding the ruling complained of to be erroneous. It being incumbent upon the state to substantiate the charge made, it could in no event prevail without, at the least, proving that the instrument described in the information and that offered in evidence were in fact identical. To make that proof in this case certainly called for some explanation of why instruments patently different were to be taken, nevertheless, as one and the same. Although no such explanation was made or offered, the check was ad-

mitted unconditionally as being the instrument described in the information. We hold this was error.

Nor was this error cured by the evidence subsequently admitted. On the contrary, such evidence strongly tended to show that the passage and utterance of the check admitted was a separate and distinct forgery committed by the defendant. The cashier of the Pinal Bank & Trust Company, testifying for the state, said that this check, if good, would have been recognized as a draft upon the "state prison fund," and not upon the personal account of Mr. Powell with the bank; that the secretary of the prison, Mr. Spillman, usually, made deposits to the credit of the "state prison fund"; that Mr. Powell's personal checks were signed "C. G. Powell," and checks upon the prison might be signed by the superintendent C. G. Powell, or by the secretary, Mr. Spillman. The check received had therefore a different legal effect from the one charged, being drawn upon another fund and by the drawer in an official capacity; in short, upon this record no conclusion can be drawn, other than, if the defendant is guilty at all, he is guilty of a crime not charged in the information.

We hold, therefore, that motion for a directed verdict of acquittal should have been granted, and that defendant was entitled to a new trial. These conclusions render it unnecessary to consider the error assigned to the sentence imposed.

The defendant having moved for a new trial, our order must be that the judgment is reversed, with instructions to the court below to grant defendant a new trial, and to take such other proceedings as may not be inconsistent herewith.

ROSS, C. J., and McALISTER, J., concur.