ON APPLICATION FOR REHEARING
The original opinion filed in this cause June 21, 1985, is hereby withdrawn, and the following opinion is substituted in lieu thereof:
This case presents the question of whether the State, by failing to record a condemnation order dated December 21, 1939, can be divested of its title to a highway right-of-way under § 6887, Code of 1923 (now, Code 1975, § 35-4-90). We think that it can. Accordingly, the judgment of the trial court is affirmed.
Briefly stated, the facts of this case are as follows:
In 1932, the State of Alabama acquired a 66-foot right-of-way along what is now Alabama Highway No. 35 in Fort Payne, Alabama. In 1939, the State acquired an additional 17-foot right-of-way along each side of the then-existing highway. It is the State's failure to record this second acquisition that is in dispute.
Appellees, L.R. Abbott and C.R. Abbott, constructed a store on part of the State's 17-foot right-of-way, and they contend that because they purchased their property for value and without notice of the condemnation order that their land is free of any encumbrances resulting from that unrecorded order.
The trial court, in its final decree, held as follows:
 "The State of Alabama seeks an injunction from this court requiring the *Page 1225 
defendant to remove certain obstructions and appurtenances from an area which the State contends is within the right-of-way of Alabama Highway 35.
 "Evidence presented at a hearing before the court establishes that the State acquired a 66-foot right-of-way in 1932 for the construction of Highway 35. The State claims that it acquired an additional 34 feet of right-of-way by a 1939 condemnation proceeding which increased the width of the right-of-way to 100 feet. Through an apparent oversight in 1939, the documents of this condemnation proceeding were not filed of record in the DeKalb County Probate Office and remained unrecorded until June, 1983.
 "The defendant purchased the property in question in 1965 unaware that the State was claiming a right-of-way of 100 feet as opposed to 66 feet as shown by the records then on file in the Probate Office. The defendant contends that because the State's 1939 acquisition was not recorded in the Probate Office in 1965 and because he had no actual knowledge of such acquisition when he purchased the property in 1965, the State's claim is inoperative and void as to him.
 "The law which governs is found in Section 35-4-90, Code of Alabama (1975):
 "`(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees, or judgment creditors.'
 "It is clear that the application of this statute voids the State's claim to a 100-foot right-of-way across the defendant's property, and that the state's right-of-way across defendant's property is limited to 66 feet.
 "This is a classic example of the legal consequences that can result by a failure to record in the Probate Office deeds and other documents relating to [a] real estate transaction. The law exempts no one — not even the State — from such consequences."
The Abbotts contend that they fall squarely within the protection of § 35-4-90. We agree.
The crucial question is whether an order of condemnation is a "conveyance of real property" within the meaning of § 6887, which was applicable at the time.[1]
We have found sparse authority on the issue, and it was only on application for rehearing that we were furnished, for the first time, with any authority which discussed the specific question. On application for rehearing, our attention has been called to two cases from other jurisdictions which have addressed the issue specifically and have held that the transfer of title by an order of condemnation is not a "conveyance" for the purpose of recordation statutes. See State Highway Commission v. Meeker,75 Wyo. 210, 294 P.2d 603 (1956); City of San Antonio v. Grandjean,91 Tex. 430, 41 S.W. 477 (1897).
Black's Law Dictionary 402 (rev. 4th ed. 1968) defines a "conveyance" as follows:
 "In real property law. In the strict legal sense, a transfer of legal title to land. In the popular sense, and as generally used by lawyers, it denotes any transfer of the title legal or equitable, Chupco v. Chapman, 76 Okla. 201, 170 P. 259, 266 [1918]. The transfer of the title of land from one person or class of persons to another. Klein v. McNamara, 54 Miss. 105; Alexander v. State, 28 Tex. App. 186[28 Tex.Crim. 186], 12 S.W. 595 [1889]; In re Loes' Will, 55 N.Y.S.2d 723, 726 [1945]. An instrument in writing under seal, (anciently termed an `assurance,') by which some estate or interest in lands is transferred *Page 1226 
from one person to another; such as a deed, mortgage, etc. 2 Bl.Comm. 293, 295, 309.
 "Conveyance includes every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged, or assigned, or by which the title to any real estate may be affected in law or equity, except last wills and testaments, leases for a term not exceeding three years, and executory contracts for the sale or purchase of lands. Stearns Lighting Power Co. v. Central Trust Co., C.C.A.Mich., 223 F. 962, 966 [1915]; Shraiberg v. Hanson, 138 Minn. 80, 163 N.W. 1032, 1033 [1917]."
In reaching the decision we reach, we necessarily have considered how the Alabama legislature has addressed the question of providing notice of eminent domain proceedings.
An order of condemnation is a transfer of title to land, and, as we stated earlier, the only question is: Did the legislature intend for § 6887, Code of 1923 (now Code 1975, § 35-4-90), to include orders entered in condemnation proceedings? We think so, even though the State of Alabama and the Alabama Power Company, as amicus curiae, both strongly insist that orders of condemnation have never been considered by them to be transfers of title which have to be recorded. Condemnors may, or may not, have recorded orders of condemnation, but that fact cannot change the meaning of our recordation statutes. We cannot accept the State's argument that the mere entry of an order of condemnation is sufficient notice that title to land has been transferred. In fact, the legislature has, as late as 1971, provided for more notice, rather than less notice, to be given of condemnation proceedings.
In 1971, the legislature enacted Act No. 181, Acts of Alabama, Second Special Session, 1971, pp. 4441-42:
 "Section 1. Section 66, of Title 47, of the Alabama Code of 1940, is hereby amended to read as follows:
 "When any suit or proceeding shall be brought in any court to enforce any lien upon, right to or interest in, or to recover any land, or where an application has been made to the probate judge of any county for an order of condemnation of land, or any interest therein, the person, corporation, or governmental body commencing such action or proceeding or making such application shall file with the judge of probate of each county where the land or any part thereof is situated, a notice containing the names of all of the parties to the suit or proceeding or the persons named as those having an interest in the land in the application for an order of condemnation, a description of the real estate and a brief statement of the nature of the lien, writ, application or suit sought to be enforced. The judge of probate shall immediately file and record the notice in the lis pendens record, and note on it and in the record the hour and date of the filing and the place and date of recording. [Now Code 1975, § 35-4-131.]
"* * *
 "Section 4. Section 70, of Title 47, Alabama Code of 1940, is hereby amended to read as follows:
 "Where the suit, proceeding, or levy, notice of which has been entered in the lis pendens record, shall be terminated, whether on the merits or not, the court wherein the same was pending may direct the judge of probate who has custody of the record to make such entry thereof as he shall prescribe, to give notice of the result of the suit, proceeding or levy, and of the devolution of the land, and the judge of probate shall at once, on presentation thereof, file and record an entry and note the date of filing and recording on the record; provided, that where an application has been made for an order of condemnation of land, or any interest therein, the probate judge shall make such entry on his own motion. The office or party filing such notice must, within thirty days after demand, enter on the margin of the record of the same satisfaction *Page 1227 
of such claim under the lis pendens notice whenever the same shall have been fully satisfied or terminated, and such satisfaction shall have the same effect as if made by the judge of probate as hereinabove provided. Nothing in this section, nor in Section 74, of Title 47, Alabama Code of 1940, shall be construed to alter the form used in maintaining the lis pendens records in those counties where the public land records are, by authority of the statute law of the State of Alabama, maintained on microfilm." (Now Code 1975, § 35-4-136, emphasis added.)
The title to Act No. 181 sets forth its purpose in its title, as follows:
 "Amending Sections 66, 67, 69, 70 and 74, of Title 47, of the Alabama Code of 1940, to provide for the filing of a lis pendens when an application has been made for an order of condemnation of land, or any interest therein."
The fact that the legislature specifically amended the 1940 Code sections dealing with lis pendens, and took no action with regard to present Code section 35-4-90, does not constrain us to reach the same result reached in the cases from Wyoming and Texas, cited to us on application for rehearing.
As we stated earlier, we do not know whether the State habitually fails to record orders of condemnation, but we do know that the order of condemnation in the subject case was ordered to be "recorded" by the probate judge. His order reads, in part:
 "It is, therefore, ordered, adjudged and decreed by the court that the report of said commissioners be, and the same is, hereby ordered to be recorded, together with said application and amendments thereto and all the orders and decrees made in the cause and the pleadings filed therein."
Furthermore, a state right-of-way engineer testified concerning the subject condemnation, as follows:
"Q Would you tell us what that is?
 "A This is an application for condemnation, and I believe it goes on through a pretty complete file with the — I think in this package is the final order of condemnation and a certification by the Probate Judge of DeKalb County at the time of the condemnation in 1939, J.C. Kellett.
"Q Dated 21 of December, 1939?
"A Yes sir, it is.
 "Q I'll ask you how you came to be in possession of that — those documents.
 "A When we — Well, if I can back up just a second. We've got a proposed new project to improve 35 today from the Y to Big Wills Creek to make a five-lane highway, and we had to acquire some additional minor parcels in certain areas for this new project, and at that time was when it was brought to our attention that there were two encroachments on what we considered to be the existing right-of-way. So, the people that worked under my supervision, plus myself, spent several hours in the Probate Office looking up the old records for 35.
"Q All right, sir.
 "A Then we were unable to locate any records pertaining to the additional seventeen feet that was acquired in 1939 except a deed recorded in the Probate Office from the city of Fort Payne to DeKalb County. Then —
 "MR. WATSON: Can we make clear whether or not that deed affected this property?
 "A No. It did not affect this property. It was in another location within this general segment from the Y to Big Wills Creek. Then we found other deeds from Big Wills Creek to Rainsville. We could not find the transactions from the Y to Big Wills Creek on the additional seventeen feet except the one mentioned in the city of Fort Payne. So, then we contacted our Montgomery office where they keep all the old highway records stored in the basement of the highway building, and they located a file that I have on that table over there that dates back to 1939, or 1938 even actually, and within that file is where we located this." *Page 1228 
If our construction of § 35-4-90 is considered by the legislature to be contrary to its intent, the legislature is free to amend § 35-4-90 to specifically provide that orders of condemnation need not be recorded.
Based on the foregoing, the original opinion of this Court is withdrawn, the application for rehearing is denied, and the judgment of the trial court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING DENIED; AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] Code 1975, § 35-4-90, cited by the trial court in the final decree, is identical in language to § 6887, Code of Alabama 1923, which would have been the applicable section on December 21, 1939, the date of the order of condemnation.