INGRAM, Justice.
Plaintiff, the Water Works Board of the City of Fort Payne (hereinafter the “Board”), appeals from a declaratory judgment entered for the defendants. The Board sued Ronald D. Sparks and his wife, Teresa R. Sparks, seeking a judgment declaring valid a prohibitive easement appurtenant to certain real property that the Sparkses had purchased and enjoining the Sparkses from interfering with the easement. The Board also sought an order requiring the Sparkses to remove any structures violating the restrictions set forth in the easement. Following an ore tenus proceeding, the trial court entered a judgment for the Sparkses, and the Board appealed.
The first issue raised on this appeal is whether the trial court erred in holding that the Sparkses did not have constructive notice of the prohibitive easement, where the condemnation judgment in which the easement is contained was recorded in the minute book of the probate court. The second issue is whether the trial court, after finding that the Sparkses did not have constructive notice, erred in holding that, under the facts, the Sparkses did not have actual knowledge of the Board’s rights under the easement prior to their purchase of the property.[1]
As noted above, the trial court’s findings as set forth in its judgment followed an ore tenus proceeding; therefore, the ore tenus rule is applicable in this case. Under the ore tenus rule, we presume that a judgment based on findings of fact made from ore tenus evidence is correct, and we will reverse only if it is found to be plainly and palpably wrong, after a consideration of all the evidence and after making all the inferences that can logically be made from the evidence. Adams v. Boan, 559 So.2d 1084 (Ala.1990).
The record reveals that in October 1984, the DeKalb Probate Court entered an order granting a petition for condemnation that had been filed by the Board. The order conveyed to the Board certain real property for use in expanding its water supply system. The order further granted the Board a prohibitive easement appurtenant to certain other property contiguous to that conveyed to the Board. Among other things, the easement prohibited the erection, use, or maintenance of any permanent building or structure within 300 feet of the 899-foot contour level as shown on the United States Geodetic Survey. The probate court’s order granting the Board’s condemnation petition was recorded in the minute book of the probate court, but was not filed for recordation in the real property records of the probate court until June 3, 1988.
In the early months of 1988, the Sparks-es began negotiating with Jack E. Willing-ham and his wife, Sonya E. Willingham, for the purchase of real property to which the prohibitive easement was appurtenant. The negotiations, which took place through real estate agent Walter O. Summerville, resulted in the Sparkses’ executing a purchase contract on one tract and an option to purchase an adjacent tract. The purchase contract made no reference to the setback restrictions or to the probate court’s condemnation order. Furthermore, the deed conveying the property did not contain a notation of the prohibitive easement. Also, a title opinion and a survey of the property had been prepared to facilitate the transaction, but neither of them disclosed the existence of the easement.
Section 35-4-90, Ala.Code 1975, provides that all conveyances of real property are inoperative and void as to purchasers for a valuable consideration and without notice, unless recorded before the accrual of the *232 right of such purchasers. Here, the Board argues that even though the judgment of condemnation was not filed for recordation in the real property records in the probate court until June 3, 1988, the recording requirement of § 35-4-90 was met prior to that time. Specifically, the Board contends that because the petition for condemnation was recorded in the final record of the probate court and the condemnation judgment was recorded in the probate minutes, the Sparkses had constructive notice of the prohibitive easement, and that the trial court erred in refusing to enforce the provisions of the easement.
In State v. Abbott, 476 So.2d 1224 (Ala.1985), this Court addressed an argument almost identical to that raised by the Board on this appeal. In Abbott, the State was seeking enforcement of a right-of-way that it had acquired through a 1939 condemnation proceeding. The defendants had purchased the property in 1965, and they argued that they had no notice of the existence of the right-of-way because the documents relating to the condemnation had not been recorded in the probate office at the time they purchased the property. This Court concluded in Abbott that an order of condemnation is a transfer of title to land and, as such, must be recorded in order to be operative as to future purchasers for value.
Although the record in the present case reveals that the petition for condemnation was recorded in the final record of the probate court and that the condemnation judgment was recorded in the minutes of the probate court before the Sparkses purchased the property, the condemnation order was not recorded in the real property records of the probate court until June 3, 1988, when it was filed for recordation. Therefore, a search of the real property records prior to June 3, 1988, would not have revealed the existence of the easement. Consequently, we reach here a conclusion similar to that reached in Abbott: because the judgment of condemnation in which the prohibitive easement is contained was not recorded in the real property records of the probate court until after the Sparkses had purchased the property, the easement was outside the chain of title to the property, and the Sparkses, because they undisputedly purchased the property for value, cannot be held to have had constructive notice of the easement.
Because we hold that, under the facts presented, the Sparkses cannot be held to have had constructive notice of the prohibitive easement, we look now to the second issue raised by the Board, i.e., whether the trial court erred in finding, from the evidence, that the Sparkses did not have actual knowledge of the Board’s rights under the easement prior to their purchase of the first tract of property. Our inquiry on this issue, however, is limited to whether there is any evidence in the record supporting the trial court’s finding that the Sparkses did not have actual knowledge of the easement. Adams v. Boan, supra.
In its order, the trial court stated:
“Acting on behalf of Willingham, real estate broker Walter Summerville ... negotiated a sale of the property in question to Sparks, and a contract of sale was executed on February 25, 1988. The contract recited that the construction of a dwelling and placement of a septic tank must comply with restrictions imposed by the City of Fort Payne and the De-Kalb County Health Department.
“It is undisputed that the Water Board is not an agency of the City of Fort Payne, but is an independent and autonomous water board. It is further undisputed that the City of Fort Payne has never imposed any restrictions on the use of the subject property. Therefore, this contract provision, alone, is not notice to Sparks that the Water Board had imposed such restrictions.
“Summerville discussed with Sparks the importance of not violating the ‘set back’ on this property. After signing the contract, but before obtaining his deed, Sparks met with Summerville and surveyor Sam Phillips at the property. Sparks informed them that he wanted to build his home on the site of an old foundation. Although there is some evi *233 dence that Summerville and Phillips may have discussed the restrictions contained in the condemnation proceeding, there is no evidence that such conversation occurred in the presence of, or with, Sparks. Even if Phillips knew of the prohibitive easement, the survey delivered to Sparks on March 19, 1988, was silent as to any such set-back or restriction.
“Because Willingham had been represented by Attorney Roger Killian in the condemnation proceedings, Willingham instructed Summerville to have Killian provide the necessary title opinion for completing this transaction. Accordingly, on March 23, 1988, Killian rendered an opinion which fails to disclose the existence of any restrictive easement. On March 24, 1988, Willingham executed a warranty deed to Sparks and this conveyance fails to recite the existence of any restrictive easement in favor of the Water Board.
(< * * * *
“On the basis of the findings of this Court, whether set out herein or not, this Court finds that Sparks had neither actual nor constructive notice of the Water Board’s restrictive easements prior to the construction of his home.... He relied on an experienced real estate broker, an experienced surveyor, and an experienced attorney. All, or any of them may, from time to time, have learned of the restrictive easements, but none of them conveyed this information to Sparks at a time, or in a manner, which would constitute notice to Sparks of the existence of the restrictive easements sought to be enforced in this case. Sparks’ reliance on the three licensed professionals with whom he dealt in the course of this transaction was reasonable, and the Court is not reasonably satisfied that Sparks knew, or had reason to know, of any information contrary to that which was represented to him during the course of his dealings.”
After reviewing the record in this case, we find ample evidence to support the findings of the trial court. Therefore, we cannot say that the trial court plainly and palpably erred in holding that the Sparkses did not have actual knowledge of the prohibitive easement before they purchased the property and began building their house on it.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. The Board also raises an issue as to whether the trial court erred in refusing to enforce the easement as to an additional tract of property that the Sparkses purchased after they learned that the dwelling that they built on the tract that they originally purchased encroached onto the adjacent property; however, the Board fails to cite any legal authority regarding this issue. Therefore, we consider that issue to be waived by the Board. See Sea Calm Shipping Co. v. Cooks, 565 So.2d 212 (Ala.1990).