The majority has concluded that, before the legislature's actions in 1971 (which required that condemnation orders, as well as notice of condemnation proceedings, be filed in the lis pendens records), condemnation proceedings, as reflected in the final record of the probate court, served to provide constructive notice that title to property was or could have been transferred to the condemning authority. I believe this issue has been squarely presented to this Court in State v.Abbott, 476 So.2d 1224 (Ala. 1985), and has been decided to the contrary. Therefore, I must respectfully dissent.
In Abbott, this Court was confronted with the question "whether the State, by failing to record a condemnation order . . ., can be *Page 1138 
divested of its title to a highway right-of-way under [Ala. Code 1975, § 35-4-90]." The condemnation order was dated December 21, 1939; therefore (because it was pre-1971) it was not required by statute (§ 35-4-136) to be recorded in the lis pendens record. In construing the recordation statute (§35-4-90) the Abbott Court held that (1) an order of condemnation is a conveyance of real property; (2) an order of condemnation is a transfer of title to real property; and (3) a mere entry of an order of condemnation is not sufficient notice
that title to land has been transferred. Specifically, the Court held that § 35-4-90 included orders entered in condemnation proceedings, "even though the State of Alabama and the Alabama Power Company, as amicus curiae, both strongly insist that orders of condemnation have never been considered by them to be transfers of title which have to be recorded." 476 So.2d at 1226.
Justice Maddox, writing for the Court in Abbott, at 1228, concluded his analysis by noting that "[i]f our construction of § 35-4-90 is considered by the legislature to be contrary to its intent, the legislature is free to amend § 35-4-90 to specifically provide that orders of condemnation [prior to 1971] need not be recorded." As of this date, the legislature has not amended § 35-4-90.
In May 1992, writing for the Court, I authored Fort PayneWater Works Board v. Sparks, 600 So.2d 230 (Ala. 1992). The facts in Fort Payne reveal that a condemnation judgment dated 1984 was noted in the "minute book" of the probate court. It was not, however, recorded in any of the real property records (nor was it recorded in the lis pendens record as required by Act No. 181, Acts of Alabama, Second Special Session, 1971) at the time of the sale of the land to the Sparkses, the purchasers for value. We held in Fort Payne that the easement was outside the purchasers' chain of title and that they did not have constructive notice of it.
In deciding Fort Payne, this Court looked to Abbott and §35-4-90. We held that "because the judgment of condemnation in which the prohibitive easement is contained was not recorded in the real property records of the probate court until after the [purchasers] had purchased the property, the easement was outside the chain of title to the property." 600 So.2d at 232. However, as Justice Houston points out in the majority opinion in the present case, we could have simply held that because the condemnation judgment was entered after 1971, the case was controlled by Ala. Code 1975, § 35-4-136, which required that the order be recorded in the lis pendens record. Because this was not done in Fort Payne, the requirements of the statute were not met and the easement was outside the chain of title.
Nevertheless, I believe some of the statements in Fort Payne
are dicta; but the holding is sound. Rather than holding that the easement was outside the chain of title, based on §35-4-136, we based the opinion in Fort Payne on Abbott and its construction of § 35-4-90. We held that because the easement was contained only in the minute entry and was not recorded in the real property records of the probate court, the easement was outside the chain of title. I am satisfied that this is what Abbott said.
As noted above, I am at odds with the majority only concerning pre-1971 condemnation orders that have not been recorded in the real property records. The recordation statutes are designed to aid the general public in determining the title to property. They are to provide a means whereby one desiring to purchase land may ascertain if there is anything that affects the title to that land. Although I believe that a purchaser is under an obligation to dutifully search the records to determine an accurate history of the title of the property in question, I cannot find it in the public interest to require a search of every minute entry or file folder in the probate judge's office. In my opinion, this would be an onerous burden on the would-be purchaser. I do not believe that pursuant to § 35-4-90 the "final record" or "minute entry" in a condemnation proceeding constitutes notice to a purchaser for value. Rather, I believe that the better reasoned solution (as stated in Abbott) is that for a pre-1971 condemnation order to be considered within the chain of title, the condemnation order must be recorded in the real property record books. I am satisfied that that is the solution *Page 1139 
this Court adopted in Abbott when it construed § 35-4-90.
For this reason, I respectfully dissent from the majority opinion as it concerns the trespass claim against the County. As to the negligence claim, I concur.
ALMON and SHORES, JJ., concur.