# Simon v. The State.

## Murder.

Decided April 8, 1913.    Rehearing denied May 8, 1913.
61 South. 801.)

1. *Trial; Conduct; Power of Court.*—The trial judges should protect defendants in criminal cases from the acts of the prosecuting attorney which may tend to improperly influence the jury against them, and the court should, on its own motion, if necessary, discharge the jury.

2. *Same; Improper Conduct of Prosecutor.*—Where the improper question of the prosecuting attorney and his improper remarks were excluded by the court at the request of defendant, but the defendant did not move to discharge the jury and enter up a mistrial, this court cannot reverse the action of the trial court, however harmful the acts of the solicitor might have been; such matters cannot be reached by motion for new trial as the appellate court will not review the action of the trial court in passing on motions for new trials in criminal cases.

3. *Evidence; Exculpatory Declarations.*—Where a defendant was being prosecuted for killing his wife, the fact that five or ten minutes after the shooting defendant was heard to exclaim, "There, Lord, I have killed my wife, and it was not my intention to do it," and that while walking along the road thereafter, he was crying, was not admissible as part of the res gestæ, and were but exculpatory explanations.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Tom Simon, alias, was convicted of murder in the first degree, and he appeals. Affirmed.

JOSEPH H. JAMES, for appellant. The court erred in not vigorously applying its repressive powers to prevent such departure from legitimate argument as that indulged by the the solicitor in this case.—*Tannehill v. State,* 159 Ala. 52; *James v. State,* 170 Ala. 74; *B. R., L. & P. Co. v. Drennen,* 57 South. 881; *Florence C. & I. Co. v. Fields,* 104 Ala. 471. The mere direction to the jury not to regard such statements did not meet the

case, and the court should have promptly granted defendant a new trial.—Authorities supra.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It is the universal rule in this state that the action of the trial court on a motion for new trial in a criminal case will not be reviewed by an appellate court.—*Ferguson v. State*, 149 Ala. 21, and numerous other cases. The question asked the defendant sought to elicit self-serving declarations and were not a part of the res gestæ. —*Weaver v. State*, 1 Ala. App. 48; *Stewart v. State*, 78 Ala. 436; *Dent v. State*, 105 Ala. 15; *Harkness v. State*, 129 Ala. 71.

DE GRAFFENRIED, J.—In this case the defendant was tried for and convicted of murder in the first degree, and was sentenced to death. There was ample evidence to justify his conviction of the offense, and, if the evidence against him is to be believed, the facts presented such a case as authorized the jury to impose upon him the highest penalty known to the law. It was, however, unfortunate that counsel for the state, in cross-examining the defendant while he was testifying as a witness in his own behalf, asked him a question which not only called for illegal and irrelevant testimony, but which question, without an answer, carried with it an inference which only tended to prejudice the jury against the defendant. It was also unfortunate that in his argument to the jury counsel for the state made a remark which was not only not authorized by the evidence, but which was calculated to inflame the jury against the defendant. When a great crime has been committed the law casts upon the solicitor grave responsibilities, and he realizes that the state looks large-

[Simon v. The State.]

ly to him to see that the perpetrator of such crime is properly and legally punished. In such a case, especially during the excitement of the trial, counsel on both sides sometimes unconsciously say things, and ask questions, which the strict letter of the law does not warrant. In the present case the solicitor had before him a case of great enormity, and was prosecuting a crime, the details of which were sufficient to arouse the the indignation of all law-abiding men, and in such extreme cases counsel, as we have already said, are liable to forget themselves. The law—human and divine— is, however, the salt that has saved humanity from barbarism; and courts and officers of courts in their efforts to enforce the law, even in extreme cases, should, if possible, so guard their utterances that they may be sure that they themselves do not impinge the law which they are seeking to enforce.

In this case the trial judge sustained the objection of the defendant to the improper question to which we have above referred, and excluded from the jury the objectionable statement which, according to the record, was made by counsel for the state in his argument. The defendant did not move the court to discharge the jury and enter up a mistrial in the case on account of the above acts of counsel for the state. He did make a motion for a new trial which the court overruled, and we are not authorized to review the refusal of a trial court to grant a motion of a defendant in a criminal case for a new trial. The law places ample power in the hands of the trial judge to protect defendants in criminal cases from acts of any sort which may tend to improperly influence the jury against them; and no higher duty is imposed upon a trial judge than the duty which the law places upon him to discharge, upon motion, or even ex mero motu, a jury when, whether through in-

[Simon v. The State.]

advertence or intentional act, anything is done by any officer of the court without legal warrant which tends to improperly influence the jury. We are led to make the above remarks because the counsel for appellant in his brief complains bitterly of the above question and remarks, and of the action of the trial judge thereon. The trial judge excluded the remarks and refused to allow the objectionable question to be answered. Under our decisions the judgment in this case cannot be reversed because of the failure of the trial judge to discharge the jury or to grant a new trial; and we do not mean to intimate, by anything that we have above said, that this court possesses the authority to reverse the judgment of a trial court because of the refusal of a trial judge to grant the motion of a defendant in a criminal case to discharge a jury upon grounds similar to those which we have above discussed. That question is not presented by this record.

2. The court committed no error in refusing to allow the defendant to prove that five or ten minutes after the shooting the defendant was heard to say, "There, Lord, I have done killed my wife! and it was not my intention to do it." It is urged that this statement formed a part of the res gestæ, but we are plainly of the opinion that it did not. As shown by the evidence in this case, the facts were not, when the defendant made the above declaration, *speaking through* him as their *involuntary* mouthpiece. The statement was at best the narrative of a past transaction, and was exculpatory in its nature. The defendant in this utterance was simply making evidence for himself, and the court properly refused to allow the testimony. For the same reason the court properly refused to allow proof that the defendant tried to get a wagon to carry the body of his wife home, and that while walking along

the road, after the homicide, he was crying.—*Pitts v. State,* 140 Ala. 70, 37 South. 101; *Hill v. State,* 156 Ala. 3, 46 South. 864.

3. We have, as required by law, carefully examined this record, and find in it no reversible error.

The judgment of the court below is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.