# Welsh *v.* The State.

## *Murder.*

(Decided November 20, 1913.  63 South. 685.)

1. *Homicide; Evidence.*—It was admissible to show that a few minutes before the fatal difficulty, the witness saw defendant's wife come out of defendant's yard with him into the road where the deceased was (with whom defendant had had a difficulty) and that she was begging defendant to go back into the yard, as tending to shed light on defendant's conduct, and on the issue as to who was the aggressor.

2. *Same: Self Defense.*—One who is the aggressor, or who is at fault in bringing on the difficulty that results in his slaying his adversary cannot thereafter claim self defense, or set up that he was under no duty to retreat, even in his own home.

[Welsh v. The State.]

3. *Trial; Exclusion of Evidence; Record.*—Where the bill of exceptions did not show that the statement was a part of the res gestæ, the refusal of the court to allow defendant to testify to an exculpatory statement made by deceased to defendant just after the shooting was not grounds for reversible error.

4. *Same; Reception of Evidence.*—The exclusion of a question is not erroneous where it appeared from the statement of counsel that the answer expected to be elicited would not have been responsive to the question.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Matthew Welsh was convicted of manslaughter in the first degree and he appeals.   Affirmed.

WEBB & McALPINE, for appellant.   The court erred in admitting the statement of the wife detailed by the witness.—*Liles v. State,* 30 Ala. 24; 6 Enc. of Evi. 896; 83 Cal. 138.   The defendant should have been permitted to show that after the difficulty deceased said that he was all at fault.—*Oliver v. The State,* 17 Ala. 587; *Young v. State,* 149 Ala. 16.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The statement of the witness as to what the wife said to her husband was admissible as shedding light on his conduct, and as tending to show who was the aggressor.—*Bell v. Troy,* 35 Ala. 184; *McAdory v. State,* 62 Ala. 154; *Maxwell v. State,* 129 Ala. 48.   It is not made to appear that the declarations of the deceased to which defendant proposed to testify were a part of the res gestae, and hence, error cannot be predicated thereon.—*Gassenheimer v. State,* 52 Ala. 318; *Kennedy v. State,* 85 Ala. 326; *Johnson v. State,* 94 Ala. 35; *Wilson v. State,* 140 Ala. 43.

PELHAM, J.—The state was permitted to prove, against the defendant's objection, by its witness Janey

Sherman, that, a few minutes before the fatal difficulty in which the defendant killed the deceased, the witness saw the defendant's wife come out of the defendant's yard with him into the road where the deceased was, with whom the defendant had had a difficulty a short time before, and that the defendant's wife was begging him to go back into the yard. There was no error in overruling defendant's objection to this evidence or the question eliciting it. It was shown to have occurred at a point of time just immediately preceding the killing and just subsequent to a prior difficulty with the deceased, and was admissible as tending to shed light on the conduct and demeanor of the defendant at or about the time of the homicide as properly affecting the issue as to who was the aggressor and who was at fault in bringing on the difficulty.

One who is the aggressor or at fault in bringing on a difficulty with another that results in his slaying his adversary, even in his own home, cannot thereafter claim self-defense and set up that he was under no duty to retreat.—*Maxwell v. State,* 129 Ala. 48, 57, 29 South. 981, and authorities there cited.

It is not shown by the recitals of the bill of exceptions that the court was in error in refusing against the objection of state's counsel, to allow the defendant to testify to an exculpatory statement made by the deceased to the defendant "just after the shooting," when the deceased had fallen to the ground and defendant had gone out to the place where he was, after the shooting was a thing of the past. The bill of exceptions does not purport to set out all of the evidence, and from the meager statements set out it is not made to appear that the statement was a part of the res gestae.—*Lundsford v. State,* 2 Ala. App. 38, 56 South. 89; *Powell v. State,* 7

[Hill v. The State.]

Ala. App. 17, 60 South. 967; *Simon v. State,* 61 South. 801; *Livingston v. State,* 7 Ala. App. 43, 61 South. 54.

Besides, the court could not be put in error for sustaining an objection to the question set out in the bill of exceptions, for the facts which counsel stated that he expected to elicit as an answer would not have been responsive to the question the objection to which was sustained. The question to the defendant was what he (defendant) did at the time, while the proof offered to be made as an answer to the question, according to the statement of defendant's counsel, was what the deceased said to the defendant at that time.

We find no error in the record.

Affirmed.