70 So.2d 802 (1954)
SANDERS
v.
STATE.
5 Div. 420.
Supreme Court of Alabama.
February 25, 1954.
To the Supreme Court of Alabama:
There is now pending in the Court of Appeals of Alabama the case of Sanders v. State, in which the appellant was convicted of murder. [70 So.2d 804]
The record shows the following during the argument of the Solicitor to the jury:

*803 "During Mr. Hooton's argument to the jury, the following occurred:
"Mr. Ware: We object to that argument of the solicitor, that this is the most serious or important case that has happened in Randolph County in thirty years, and that it will go down as being very important to the citizens of this county.
"The Court: Overruled, that is just argument to the jury.
"Mr. Ware: We reserve it.

* * * * * *
"Mr. Ware: And the defendant excepts to the argument that if this case is thrown out the window, the law enforcement officers of this county will be thrown out, too.
"The Court: The court thinks that is just argument. Overruled.
"Mr. Ware: We reserve it.

* * * * * *
"Mr. Ware: Object to the argument of the solicitor that if the door is closed on him, they might not open the second door, if this man is acquitted, they might not get somebody else.
"The Court: Overruled.
"Mr. Ware: We reserve it.

* * * * * *
"Mr. Ware: We again except to the argument of the solicitor in which, `I am praying with you that you won't close the door in this case,' indicating that they might not be able to convict somebody else if he were acquitted.
"The Court: Overruled.
"Mr. Ware: We reserve it."
The judges of this court are unable to reach an unanimous conclusion or decision as to whether such arguments, or either of such arguments, are within the influence of the doctrine enunciated in Johnson v. State, 246 Ala. 630, 22 So.2d 105, and cases cited therein.
Therefore, as authorized by Section 88, Title 13, Code of Alabama 1940, the following question is hereby certified to the Supreme Court of Alabama for an opinion to guide this court in the further review of the above mentioned case pending in this court.
Are the above arguments, or either of them beyond the limits of proper argument?
As an aid to your court in this inquiry the record in this cause, together with briefs of respective counsel, are forwarded to you.
 This January 5th, 1954.
 R. B. CARR
 -----------------
 Presiding Judge
 ROBERT B. HARWOOD
 -----------------
 ANNIE LOLA PRICE
 -----------------
 Judges
Response to Questions Certified by the Court of Appeals
SIMPSON, Justice.
Answering your inquiry of January 5, 1954, propounded to this court under authority of § 88, Title 13, Code 1940, our view is that the quoted argument of the solicitor who prosecuted for the State did not go beyond the limits of legitimate forensic discussion. While the bare quotations may not give us a true picture of the exact status of the argument, it would seem to us that the statements of the solicitor were merely arguendo of his opinion of the case and what the result of the jury's verdict should be. This case should be ruled by such cases as Davidson v. State, 211 Ala. 471(5), 100 So. 641; Bridges v. State, 26 Ala.App. 1, 152 So. 51, certiorari denied, 228 Ala. 72, 152 So. 54; Snoddy v. State, 20 Ala.App. 168(21), 101 So. 303.
The foregoing are to be distinguished from Johnson v. State, 246 Ala. 630, 22 So.2d 105, and cases there cited, in that the statements by the solicitor in these latter cases were made as a fact.
All the Justices concur.