120 So.2d 580

### F. M. BULLARD

v.

### STATE.

8 Div. 695.

Court of Appeals of Alabama.
May 10, 1960.

Johnson & Randall, Oneonta, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty of forgery in the second degree.

The evidence of the State tended to show that in an accounting suit in equity between the appellant and M. T. Williams, or Troy Williams, there had been marked for identification at appellant's request a receipt for $300 allegedly signed by M. T. Williams for a payment made by appellant to Williams.

This receipt was later used by counsel for appellant in examining a witness in the equity proceedings.

There was also marked for identification a note allegedly signed by M. T. Williams and by appellant and his son, said note being for $1,000, and payable to J. O. Rice.

M. T. Williams testified that he had signed the note, but had not signed the receipt.

The note and receipt had been examined by Dr. C. J. Rehling, State Toxicologist. After being qualified as an expert, Dr. Rehling testified that, based upon his studies of the note and the receipt, such as microscopic examination, and photographic enlargements, it was his opinion that the signature on the receipt was a tracing or copy of the signature of M. T. Williams appearing on the note.

The evidence for the appellant was directed to showing that Williams had in fact signed the receipt after it had been written out by appellant's wife; that the receipt was for $300 paid by appellant to Williams for Williams' interest in an automobile.

The evidence is ample in its tendencies to support the verdict and judgment. The lower court did not err in refusing appellant's request for the affirmative charge, or his motion for a new trial on grounds going to the sufficiency of the evidence.

Counsel for appellant argue that error resulted from the overruling of their objection to the introduction of the receipt, counsel having based their objection on the ground of a variance between the instrument set forth in the indictment and the allegedly forged receipt.

The indictment is in code form, and the instrument or receipt allegedly forged is described as being in writing in words and figures susbtantially as follows:

"10/9/57, Received from F. M. Bullard $300.00 paid in full for 1952 Olesmobile that he traded in on a 57 Ford Pickup truck at Jack Oliver's Motor, Boaz, Alabama, s/ M. T. Williams."

The alleged variance pointed out by counsel results in two instances from ambiguity arising from the handwriting in the receipt. Counsel asserts that the word "received" in the indictment is actually "recered" in the receipt, and that in the receipt Bullard's initials are written as F. nn. instead of F. M., as in the indictment.

The receipt is before us and we have examined it.

As to the word alleged by counsel to be "recered," comparison with the letter "v" as it appears in "Oliver's" in the receipt indicates that "received" was what is written. This is but a misspelling of "received."

The initials before Bullard appear to us to be F. M. instead of F. nn., as counsel contend.

Whether or not there is a variance between the instrument set forth in the indictment and that produced on the trial is, in case of ambiguity, a question of fact for the jury. See 23 Am.Jur. Forgery, Sec. 53.

Further, differences consisting of abbreviations and misspelling are immaterial. Sec. 53, supra.

Counsel for appellant argue as another variance the fact that as set forth in the indictment the letter "s" followed by a

slant mark (s/) appear before the signature of M. T. Williams in the indictment, whereas no such characters are on the receipt.

The insertion of the word "signed" before the signature as set out in an indictment for forgery is not a variance which makes the original instrument inadmissible. People v. Crane, 4 Cal.App. 142, 87 P. 239. The letter "s" appearing before a signature in a copy of an instrument is merely an abbreviation of the word "signed." See Webster's New International Dictionary under "Abbreviations." The slant mark is completely immaterial.

Counsel further argues that in the indictment the motor company is described as "Jack Oliver's Motor, Boaz, Alabama," whereas in the receipt the company is set forth as "Jack Oliver's Motors, Boaz, Alabama."

This variation is scarcely perceptible and is immaterial. Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90; a person of common understanding would not be misled thereby. This renders this slight variance immaterial. Hollis v. State, 37 Ala. App. 453, 70 So.2d 279.

During the cross-examination of State's witness Williams, he was asked who got the $1,000, meaning the proceeds of the note introduced in evidence by the State, which note bore the true signature of Williams.

The court first sustained the State's objection to this question.

The record then shows the following:

"The Court: Yes, sir. I take it they introduced it purely and simply for one purpose.

"Mr. J. T. Johnson: When it went in it is admissible for any purpose. They opened the door.

"The Court: All right. Who got the money from that?

"The Witness: Me and Mr. Bullard both.

"The Court: All right. Objection overruled to that particular question we had before.

"Mr. Clark Johnson: Mr. Williams—

"Mr. J. T. Johnson: Wait.

"Mr. Clark Johnson: Are you through?

"Mr. Lusk: No, in view of the last ruling of the court.

"The Court: Go ahead.

"Q. (By Mr. Lusk) Did you not get all of the $1,000.00 yourself? A. We both got it.

"Q. Are you saying you didn't get all of the $1,000.00? A. Well, I have handled several thousands.

"Q. Did you or not get all the $1,000.00?

"Mr. Clark Johnson: That is getting far afield. Getting in deep water and the issues, they have no place here.

"The Court: Sustain the objection. Anything further?

"Mr. J. T. Johnson: We except."

Counsel for appellant argue that since the State introduced the note the defense was entitled to show all that took place at the time of the execution of the note.

While the court was apparently under the impression that the note was offered "purely and simply for one purpose," i. e., for the known signature of Williams, the record does not show any limitation imposed when the note was offered, or received in evidence.

We pretermit consideration of whether everything that took place at the execution of the note could be properly introduced merely because the note had been introduced without limitation, for the reason that it was not shown that any money was obtained contemporaneously with the execution of the note. The money may

well have been obtained a substantial time after the execution of the note.

The principle that where in examination of a witness a party brings out part of a transaction or conversation, the other party may inquire fully into the transaction or bring out the whole conversation on further examination (see Colvin v. State, 37 Ala.App. 268, 70 So.2d 650), does not apply to admit transactions or utterances made at separate times. Thus, in Linnehan v. State, 120 Ala. 293, 25 So. 6, objections to a conversation twenty minutes after the conversation admitted were held to have been properly sustained.

Further, the last question above to which the objection was sustained sought evidence repetitious of evidence already testified to by this witness, and admitted without objection. No error therefore resulted from the ruling complained of, that is, the sustension of the objection to the last question above. Sup.Ct. Rule 45, Code 1940, Tit. 7 Appendix.

During the argument of the special prosecutor to the jury the appellant interposed an objection to the prosecutor's remarks that appellant had "proven by his family and a man he had scraped up, Mr. Darnell."

The court overruled the objection.

Essentially the prosecutor's remark was but a reflection on the credibility of a witness for the defense. Counsel for appellant argue that, by inference, it accuses the appellant of surborning perjury.

Of necessity a wide discretion must be allowed the trial judge in regulating the argument of counsel. Trials are adversary in nature. Vigorous prosecution and defense is to be expected. Neither defense counsel nor the prosecutor should be too closely hampered by niceties of speech if he is to be effective, but should be permitted to say his say in his own style. This of course does not mean that unfair and prejudicial argument is to be condoned for one instant. All argument of counsel is to be measured in the background and atmosphere of courtrooms. And as stated in Arant v. State, 232 Ala. 275, 167 So. 540, 544, "Such statements are usually valued by the jury at their true worth * * * and not expected to become factors in the formulation of their verdicts."

Several other objections were interposed and overruled during the prosecutor's argument. We have examined these instances and find no error infected the court's ruling in that the argument was either a reasonable and allowable inference from the evidence, or, as set forth in the record, is too fragmentary to afford a review.

Affirmed.