266 So.2d 806

**Tommy William SANDERS, alias**

v.

**STATE.**

**6 Div. 82.**

Court of Criminal Appeals of Alabama.

Sept. 12, 1972.

After remandment from the Supreme Court of Alabama:

The following order has been entered in the above appeal:

September 12, 1972. It is Ordered that the judgment of the circuit court be affirmed, on authority of Sanders v. State, 289 Ala. 224, 266 So.2d 802 (1972). (No opinion) Per Curiam.

262 So.2d 767

**Arthur SINGLETON**

v.

**STATE.**

**8 Div. 20.**

Court of Criminal Appeals of Alabama.

June 16, 1970.

Rehearing Denied June 30, 1970.

For opinion affirming on remand, see 48 Ala.Cr.App. 157, 262 So.2d 772.

Robert H. McKenzie, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and George W. Hodges, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Arthur Singleton appeals from a conviction under a three count indictment charging second degree burglary, grand larceny and buying, receiving or concealing stolen goods, etc. His punishment was fixed at four years in the penitentiary.

The judgment recites:

"By agreement in open court between the District Attorney and the Defendant and his attorney and the court that this case be tried by the Court without a jury. It is therefore ordered and adjudged that this case be tried by the Court without a Jury on June 25, 1969."

The court, after hearing the testimony, found the defendant guilty and pronounced sentence.

Our attention has not been directed to, and we have not found, authority in this jurisdiction for the waiver of a trial by jury in a felony case where the defendant pleads not guilty. See McGee's Alabama Criminal Practice, Chapter 8, pages 181, 182; Wharton's Criminal Law and Procedure, Vol. 5, Sec. 1948, pages 66, 67; 47 Am.Jur.2d, Jury, page 692, Sec. 76; 50 C.J.S. Juries § 86, pages 792, 793.

The error is apparent from the record.

No objection was made at the trial and it is not argued in the brief.

The judgment is reversed and the cause remanded.

Reversed and remanded.