291 So.2d 353

**Norman BARNETT, alias**

v.

**STATE.**

**5 Div. 168.**

Court of Criminal Appeals of Alabama.

Jan. 29, 1974.

Rehearing Denied March 5, 1974.

Richard D. Lane, Auburn, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Sp. Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Lee County, Alabama, charged Norman Barnett with the unlawful sale of Methylenedioxy Ampheta-

mine (MDA) in violation of the Alabama Uniform Controlled Substances Act.[1]

The Jury found the appellant guilty as charged, but declined to assess a fine, as provided in the Act, and the trial court sentenced the appellant to fifteen years imprisonment.

Sheriff James C. Pearson testified that on March 14, 1972, Alex C. Smith had been employed as a deputy sheriff to work as an undercover agent in drug and narcotic traffic. He stated that on May 11, 1972, at about 9:00 in the evening, Mr. Smith delivered a white envelope, sealed with his initials, to him. Sheriff Pearson stated that the following morning he delivered this envelope to Deputy Sheriff Ronnie Watkins, who, in turn, marked it with his own initials, and delivered it to State Toxicologist Taylor Noggle.

Alex C. Smith testified that about 3:00 on the afternoon of May 11, 1972, he was seated in a parked Volkswagen van with one Mickey Watson, who was also working for the Sheriff's Department as an informer, and that also seated with them were the appellant, Norman Barnett, and one John Michael Davis. He stated that the appellant made inquiry as to whether or not he and Mickey Watson would like to find some grass, Marijuana; that they then rode to several locations and came back to downtown Auburn and parked. A person known as "Chuck" approached the van. Chuck then asked if they wanted to buy some MDA; that some material in a piece of tinfoil was then handed to the appellant, Norman Barnett; that the appellant stated to the witness and Mickey Watson, "Well, I'll just sell you mine"; and that he paid the appellant five dollars at this point.

Smith further testified that shortly thereafter two girls, one Linda Pope, joined them in the van, and that they then drove over to Pasquale's where they let them all out. Smith stated that he then placed the piece of tinfoil in a white envelope, sealed it, and placed his initials on it. He further stated that the substance was in this condition when he delivered same to Sheriff Pearson at about 9:00 that same evening.

State Toxicologist Taylor Noggle testified that he had analyzed the substance in question and determined that the powdery substance was in fact Methylenedioxy Amphetamine.

The appellant moved to exclude the State's evidence, which was overruled.

The appellant presented the testimony of Linda Pope, who stated that she was present in Auburn, Alabama, shortly after 3:00 on the afternoon of May 11, 1972. She stated that she saw Alex Smith, called "Sonny," together with the appellant and two other men at the corner of Burton or Tichenor Street in Auburn. She stated that Smith was seated over near the driver's side; that she and another girl, known as Debbie, spoke to them and walked over to the Volkswagen van. She stated that she was present when a person, known as Chuck Cheatum, walked up and that Smith asked Cheatum if he could buy a nickel of MDA; that this was "street talk" for five dollars worth. She testified that Mickey Watson was present in the van, and that in a few minutes Chuck asked, "Well what do you want to buy a nickel of MDA for, you just bought a gram yesterday," to which Smith replied, "Well, we don't want to go all the way back out to the trailer and we just want to do some tonight, you know." She stated Chuck said, "Well, okay," and gave the MDA to the appellant, who then handed the tinfoil containing same to Smith, and that some money was exchanged, how much she did not know.

The appellant also presented the testimony of one Michael Klein, who testified that one evening in June, 1972, while outside a residence in Auburn, Alabama, Smith had attempted to sell Heroin to him.

---

1. Title 22, Section 258 (25–60), Code of Alabama 1940, as amended 1971.

In rebuttal, Smith testified that Linda Pope and the girl by the name of Debbie were not present at the time of the sale of the nickel's worth of MDA (five dollars worth) sold to him by the appellant, Norman Barnett. He further testified that the person known as Chuck did not ask about why he wanted more MDA, and that the sale was made by the appellant to him.

He further testified that he had been assisting with the investigation of drug traffic of persons of high school age in Auburn during the spring of 1972, but that he had never offered to sell Heroin to Michael Klein, or anyone else.

The appellant did not testify at trial.

At the close of the evidence, the appellant moved for a directed verdict, which was denied.

## I

During the direct examination of Deputy Sheriff Ronnie Watkins, the following occurred:

"Q. Tell the jury what you wrote on the envelope, if anything.

"A. I wrote 'Buy No. 33,' and my initials.

"Q. All right, sir. Now, what did 'Buy No. 33,' signify?

"A. It signified that was the 33rd buy that undercover Deputy Smith had made.

"Q. All right.

"MR. LANE: I move—excuse me, just a moment. I didn't know what the answer was going to be or I would have objected beforehand, but I move to strike that as not being material to the case, and that it is prejudicial, as a matter of fact. It is merely intended to inflame the minds of the jury with regards to drugs. We're not concerned with how many buys this individual made in this County, but we're concerned with what happened, concerning this particular defendant.

"THE COURT: Sustain the objection, as to that."

As may be seen, defense counsel did not object until after the question pertaining to "No. 33" was answered, and also the following question answered. It is clear, therefore, that the objection in this case was not timely, Carpenter v. State, 42 Ala.App. 618, 174 So.2d 336, and therefore such is waived. Lucky v. State, 50 Ala. App. 324, 278 So.2d 772, and authorities therein cited.

The explanation given, shown above, for "No. 33" indicates that such was merely for identification, and did not show other sales by the appellant. Since the answer was given before the motion to exclude was made, such cannot constitute reversible error. Miller v. State, 48 Ala. App. 28, 261 So.2d 447, and authorities therein cited.

Moreover, no objection was interposed by defense counsel when the envelope in question was received in evidence (R. p. 39).

## II

Conflicts in testimony presented in behalf of appellant, and that of an undercover police agent, present a question for the jury, Carmichael v. State, 48 Ala.App. 748, 267 So.2d 538, and as such was a proper basis for the trial court to overrule appellant's motion to exclude, and for a directed verdict. Grissom v. State, 51 Ala. App. 285, 284 So.2d 739, cert. denied Ala., 284 So.2d 740.

## III

The appellant contends that the following four statements made during the district attorney's closing argument, to which objection was duly overruled, constitute reversible error:

(1) " '—[Y]ou see, really, witnesses here describe transactions occurring

far, far too often on the streets of this County.'" [R. p. 99]

(2) "'—I don't have to tell you that the Number 1 problem in our County today is a drug problem. You can look at our Court docket and see it, not only minor cases but most of your serious crimes today, you can point right back to drugs as causing it, murder, robbery, rape—'" [R. p. 100]

(3) "'—[I]n other words, get the pushers. You get them and you're going to stop the drugs. Or, at least, going to slow them up.'" [R. p. 101]

(4) "'—[E]nforcing the laws like this and ferreting out these people who come in here selling these things, and the education of these minors, maybe we'll put a stop to it. I hope so.'" [R. p. 102]

The Supreme Court of Alabama, in Owens v. State, Ala., 278 So.2d 693, through Jones, J., observed:

". . . Statements of the prosecutor, which are merely arguendo of his opinion of the case, are generally within the limits of allowable forensic discussion. Sanders v. State, 260 Ala. 323, 70 So.2d 802, and cases cited therein."

In Racine v. State, 290 Ala. 225, 275 So. 2d 655, the Supreme Court, through Faulkner, J., stated:

"In evaluating allegedly prejudicial remarks by the prosecutor in closing argument, no fixed standard can be applied, and each case must be judged on its own merits. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968); Bryson v. State, 264 Ala. 111, 84 So.2d 785 (1955). As stated by Judge Harwood, in Bullard v. State, 40 Ala.App. 641, 645, 120 So.2d 580, 584 (1960):

"'Of necessity a wide discretion must be allowed the trial judge in regulating the argument of counsel. Trials are adversary in nature. Vigorous prosecution and defense is to be expected. Neither defense counsel nor the prosecutor should be too closely hampered by niceties of speech if he is to be effective, but should be permitted to say his say in his own style. This of course does not mean that unfair and prejudicial argument is to be condoned for one instant.'"

■ We have carefully examined the record in this cause, including the objection and rulings of the trial court, in each of the instances above set forth, and we are of the opinion that reversible error is not here shown. Embrey v. State, 283 Ala. 110, 214 So.2d 567; Sanders v. State, 260 Ala. 323, 70 So.2d 802; Johnson v. State, 272 Ala. 633, 133 So.2d 53.

As observed by this Court in Cazalas v. State, 43 Ala.App. 6, 178 So.2d 562, cert. denied 278 Ala. 708, 178 So.2d 565:

"The rule regarding the propriety of jury arguments was stated as follows in Cross v. State, 68 Ala. 476:

"'Every fact the testimony tends to prove, every inference counsel may think arises out of the testimony, the credibility of the witnesses, as shown by their manner, the reasonableness of their story, their intelligence, means of knowledge, and many other considerations, are legitimate subjects of criticism and discussion.'"

■ The district attorney here was pointing out the matters of evidence and arguing their legitimate inferences. It is only when a statement is of a substantive, outside fact—stated as a fact—and which manifestly bears on a material inquiry before the jury that the court should interfere and arrest discussion.

We are of the opinion that the trial court correctly ruled on each of the instances hereinabove set forth. Cases cited herein.

 

## IV

At the conclusion of the trial court's oral charge, the appellant excepted to two portions thereof (R. p. 111), and following this, the trial court then stated, "Well, I'll correct that right now." (R. p. 112). Following this correction, the appellant's counsel stated, "Satisfied, Your Honor." (R. p. 113)

 Where, as here, the appellant's counsel specifically announced that he was satisfied with the clarification made by the court in response to the original exception, the original exception is waived. Mc-Farling v. State, 35 Ala.App. 191, 45 So.2d 322; Beddow v. State, 39 Ala.App. 29, 96 So.2d 175, cert. denied 266 Ala. 694, 96 So.2d 178; Davis v. State, 40 Ala.App. 118, 112 So.2d 353, cert. denied 269 Ala. 695, 112 So.2d 355.

We note that the trial court did in fact charge out here the matter to which exception was taken.

## V

At the conclusion of the oral charge, the trial court refused thirteen written requested charges. We have carefully examined each of these charges and determined that such were either affirmative in nature, and therefore properly refused under the evidence, or were incorrect statements of applicable law, abstract in nature under the evidence, or fully and substantially covered under the trial court's oral charge; hence, their refusals were not error. Title 7, Section 273, Code of Alabama 1940.

We have carefully examined this record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein.

The judgment is due to be and the same is hereby

Affirmed.

CATES, P. J., and ALMON and De-CARLO, JJ., concur.

HARRIS, J., concurs in result.