293 So.2d 305

**Pleas JAMES, Jr.**

v.

**STATE.**

**4 Div. 275.**

Court of Criminal Appeals of Alabama.

April 9, 1974.

Charles E. Floyd, Phenix City, for appellant.

William J. Baxley, Atty. Gen., and John M. Gruenewald, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent at the time of the trial and on this appeal, was indicted for burglary in the first degree and convicted therefor. The charge was that of burglarizing the occupied dwelling in the nighttime with intent to steal. The sentence was fifteen years in the penitentiary.

I.

Contention one is that the trial court erred in permitting a deputy sheriff, a material witness for the state, to be excused from the invoked rule of sequestration for the witness and permitted him to remain in the courtroom during the trial.

The deputy had served attendance subpoenas on both the jurors and witnesses in the case. He did not serve as bailiff of the trial jurors nor did he have charge of them any time during the trial.

There was no error in such excusal. The action of the court was discretionary. Ledbetter v. State, 34 Ala.App. 35, 36 So. 2d 564, cert. den., 251 Ala. 129, 36 So.2d 571; Alabama Digest, Criminal Law, ☜665(2).

## II.

Contention two is that the trial court committed reversible error in sustaining the state's objections to certain questions of the counsel for the defendant to the victim of the burglary. The purpose of the questions was to show the victim's social relationship with the defendant's mother. An objection was sustained to a question, "Mr. Floyd: Do you still see her?" An objection was also sustained to the question, "How did you help his mother?"

Counsel for the defendant argues in his brief that he should have been allowed by the court to go into such relationship and as to whether or not such relationship was continuing, and thereby establish interest or bias on the part of the victim. We state parenthetically that the victim was robbed of some money by the defendant.

It appears to us that the evidence was remote and irrelevant in its objective and would shed no light on the existence of bias.

Besides, it was proper for the defendant first to lay a predicate by first asking the witness as to the state of his feelings toward the defendant, and if he denies bias, then resort may be had to facts tending to show it. Maples v. State, 44 Ala.App. 491, 214 So.2d 700(7). This was not done. Such procedure is not necessary at all times. Wells v. State, 292 Ala. 256, 292 So.2d 471(4).

The trial court did not err in sustaining the state's objections to the questions, supra. We find no error in the record. The judgment of conviction is affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Super-numerary Circuit Judge, serving as a judge of this court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

Affirmed.

All the Judges concur.