308 So.2d 714

**Billy Wayne TAYLOR**

v.

**STATE.**

**8 Div. 550.**

Court of Criminal Appeals of Alabama.

Jan. 21, 1975.

Rehearing Denied Feb. 18, 1975.

William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for the State.

TYSON, Judge.

The three-count indictment charged the appellant with falsely obtaining, or attempting to obtain, thirty-six tablets, commonly called Dilaudid, a derivative of opium, by falsely making, altering, or forging, a prescription drawn on the Medical Center Hospital, Huntsville, Alabama, prescription form, dated November 5, 1973, for one Louis Armstrong of Route 1, New Market, and signed by G. Wood, M.D., and presented to the City Drug Company of Huntsville, Alabama. Other counts charged the forgery of this prescription, and also false pretense for attempting to present said prescription under false pretense. The Jury found the appellant "guilty as charged in the indictment," and the trial court then entered sentence, fixing punishment at five years imprisonment in the penitentiary. The appellant's motion for new trial was overruled.

Dr. Graham Wood testified that he was a duly licensed medical doctor, and had been practicing medicine since 1967, and in Madison County for approximately two and one-half years prior to October 19, 1973. He testified that sometime during this month his office was burglarized and

Cloud, Berry, Ables, Blanton & Tatum, and Loyd H. Little, Jr., Huntsville, for appellant.

some prescription blanks taken from it. He was shown a prescription written on a Medical Center Hospital, Huntsville, Alabama, form, which called for thirty-six tablets of Dilaudid, four milligrams, one to be taken each four hours for one Louis Armstrong of Route 1, New Market, and dated November 5, 1973. He testified that he was the only Dr. Wood in Madison County, and that was not his signature or handwriting on the prescription form.

He further testified that he did not know the appellant, nor was he a patient.

On cross-examination, Dr. Wood testified that he had once treated a person named Billy Taylor in 1972, but that it was not the appellant, and that he never prescribed medicine over the telephone without seeing a patient personally.

Lola T. Hopkins testified that she was a registered pharmacist and employed in the City Drug Company in Huntsville, Alabama. She testified that on November 5, 1973, she filled a prescription written on the Medical Center Hospital, Huntsville, Alabama, form, which called for thirty-six tablets of Dilaudid, four milligrams, for one Louis Armstrong of Route 1, New Market, and which prescription was signed by G. Wood, a medical doctor. She testified that she was the only pharmacist on duty at the time when the prescription in question was presented, that she personally filled it, and that the substance was Dilaudid, which was an opium derivative, and a controlled substance under Alabama law. She testified that she did not see who brought in the prescription, but that the appellant came to the store on November 5, 1973, and picked up this prescription.

On cross-examination Miss Hopkins testified that she had not made any chemical test on the drug in question, but that Dilaudid is commonly prescribed for acute pain following surgery, and was an opium derivative. She positively identified the appellant as the person who picked up this prescription.

Lt. Lawrence Stanley of the Madison County Sheriff's Department, testified that he was investigating the presentation of certain prescriptions at various drug stores in the Huntsville, Alabama, area. He testified that he had gone to City Drugstore, which was owned by Mr. Tom Dark, on November 5, 1973, that he there observed a prescription written on a Medical Center Hospital, Huntsville, Alabama, form, calling for thirty-six tablets of Dilaudid, four milligrams, for one Louis Armstrong of Route 1, New Market, and signed by Dr. G. Wood. He identified the prescription form as having been received from Miss Hopkins by him. He further testified that he was in the store and saw the appellant, that he spoke to the appellant when he picked up the prescription on November 5, 1973, from the City Drugstore.

The appellant's motion to exclude the State's evidence was overruled.

The appellant presented no evidence at trial.

I

During closing argument, the following occurred:

"(Mr. Shipman further summed up to the Jury on behalf of the State. During same the following occurred:)

"MR. SHIPMAN: There has been no testimony whatsoever that this Dilaudid was used or was to be used in this case to kill pain. Whose children were these drugs to be sold to? How much money was to be made by selling this illegal drug?

"MR. LITTLE: Your Honor, I hate to interrupt. He has made statements about whose children was this going to be sold to. We move for a mistrial, and in the alternative that the Jury not regard such statements.

"THE COURT: Motion denied; request denied.

"(Mr. Shipman then concluded his summation to the Jury.)"

We are not here presented with words stated by defense counsel as being the argument of the State's attorney, as was the case in McClary v. State, 291 Ala. 481, 282 So.2d 384. Rather, the State's attorney's words are shown by the court reporter's transcribed notes, as above indicated.

In Barnett v. State, 52 Ala.App. 260, 291 So.2d 353, this Court set out the following criteria for evaluating prejudicial closing argument:

"The Supreme Court of Alabama, in Owens v. State, 291 Ala. 107, 278 So.2d 693, through Jones, J., observed:

"'. . . Statements of the prosecutor which are merely arguendo of his opinion of the case, are generally within the limits of allowable forensic discussion. Sanders v. State, 260 Ala. 323, 70 So.2d 802, and cases cited therein.'

"In Racine v. State, 290 Ala. 225, 275 So.2d 655, the Supreme Court, through Faulkner, J., stated:

"'In evaluating allegedly prejudicial remarks by the prosecutor in closing argument, no fixed standard can be applied, and each case must be judged on its own merits. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968); Bryson v. State, 264 Ala. 111, 84 So.2d 785 (1955). As stated by Judge Harwood, in Bullard v. State, 40 Ala.App. 641, 645, 120 So.2d 580, 584 (1960):

"'"Of necessity a wide discretion must be allowed the trial judge in regulating the argument of counsel. Trials are adversary in nature. Vigorous prosecution and defense is to be expected. Neither defense counsel nor the prosecutor should be too closely hampered by niceties of speech if he is to be effective, but should be permitted to say his say in his own style. This of course does not mean that unfair and prejudicial argu-

ment is to be condoned for one instant."'"

Cross v. State, 68 Ala. 476, points out that where, in closing argument, the prosecuting attorney makes statements which are of a substantive, outside fact—stated as a fact—and which manifestly bears on a material inquiry before the jury, the trial court may then interfere and arrest discussion. Barnett v. State, supra; Simon v. State, 181 Ala. 90, 61 So. 801.

■ Where, as here, counsel for the State states to the jury facts of which there are no evidence whatever, and such facts are of a character that are calculated to impress the minds of the jurors, and to injure the opposing party, such are clearly improper argument and grounds for reversal. Dollar v. State, 99 Ala. 236, 13 So. 575; Johnson v. State, 246 Ala. 630, 22 So.2d 105, and cases cited therein; Simon v. State, supra.

■ Where, as here, such occurs, without the benefit of curative instructions by the trial court, prejudicial error is here shown. Olden v. State, 176 Ala. 6, 58 So. 307.

Here, we are of the opinion that the statements by the prosecuting attorney, "Whose children were these drugs to be sold to? How much money was to be made by selling this illegal drug?" were an imputation and accusation of other crimes which had no support in the record. Such statements are not only without evidentiary support in the record, but constitute an accusation that appellant is a man "who makes money from turning everyone else on." Racine v. State, 290 Ala. 225, 275 So.2d 655. This appeal to passion and prejudice in light of its reference to the sensitive subject of children, and complete lack of support in the record for such comment is prejudicial error. Williams v. State, 42 Ala.App. 563, 171 So.2d 474; Lowman v. State, 38 Ala.App. 612, 91 So. 2d 697, cert. denied 265 Ala. 698, 91 So.2d 700; Harville v. State, 26 Ala.App. 610,

164 So. 765; Roden v. State, 3 Ala.App. 202, 58 So. 72; Racine v. State, supra.

For the error shown herein, the judgment of conviction is due to be reversed, and the cause is hereby remanded.

Reversed and remanded.

All the Judges concur.

