313 So.2d 564

**Cleveland REED, alias**

**v.**

**STATE.**

**7 Div. 342.**

Court of Criminal Appeals of Alabama.

May 27, 1975.

William D. Hudson, Gadsden, for appellant.

William J. Baxley, Atty. Gen. and J. Brent Thornley, Asst. Atty. Gen., for the State, appellee.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Conviction for robbery with sentence fixed at 12 years imprisonment. Indigent appeal with free accessories and counsel.

This appeal originates from a second trial following a mistrial on the first, due to inability of the jury to agree.

The indictment describes the stolen items of merchandise and money all of which were recovered. The victim was Janice G. Erwin.

The evidence shows that the victim operated the Boutique, a place of business for sale of women's apparel. Two couples, two females and two males, all black, entered the business establishment about 2 P. M., on July 22, 1974. Each female was paired with a male. They all came in close together with a paired couple following close behind the other. Before entering all four had stopped and looked at merchandise on display in the window. The appellant was one of the four and was the male in the second couple.

The first couple went all the way to the back of the store "picking and looking at merchandise." When they got to the back of the store, a girl in the dressing room came out; then the couple went back up toward the middle of the store. In the meantime the second couple came in and they, too, looked around in the store. The victim "had another customer in the store."

Defendant asked the victim to change a five-dollar bill. She did not have the change. "I told him I was low on ones." All four left the store.

In about fifteen or twenty minutes all four of them came back to the store. The girl in the first couple tried on an outfit she had seen. As she came out of the dressing room, the female of the second couple, (defendant was the male), discussed buying some merchandise on a "lay-a-way plan." The victim got her size and escorted her to the dressing room.

As this customer stepped into the dressing room, the male of the other couple, Kimble, kept "looking around the corner of the dressing room two or three times." The customer said she would have to have some help with her zipper. The victim then stepped into the dressing room to assist her.

At this time, the man, Kimble, was looking back around up front at the other people in the room. After looking around two or three times, Kimble pushed the victim up in a corner "and put a gun in my stomach." The defendant's girl friend was standing in the corner next to the victim. Kimble taped up the victim and told her to shut her mouth. During the time the potential customer in the dressing room asked if she was all right. During this time, the victim could hear noises in the front— racks scraping and rattling of bags.

After "they" tied up the victim, Kimble left the dressing room before the girl did, all in a matter of seconds. But before she left, she said "don't call the police or get anyone until we have gotten out of here."

After all four left the building, the victim freed herself from the tapes and answered her son's telephone call. After talking to him, she went outside and saw Kimble down the street. She yelled to two men she happened to know, that she had been robbed, and to ". . . get that man." The record does not show what became of Kimble.

The victim stated that while all this was going on, the defendant did not stay behind and tell anybody what happened. The defendant's girl friend also left. "Nobody stayed."

The defendant was arrested the next day in Birmingham, at the house of his mother. He was discovered by the police hiding behind a couch in a room.

The defendant did not testify nor did he put up any witnesses. When the State rested, the defendant moved to exclude the evidence. The motion was denied. This ruling is here asserted as error.

While the evidence was circumstantial as to the guilt of the defendant, we think the jury could very well draw an inference therefrom that defendant was an accessory pursuant to T. 14, § 14, Recompiled Code, 1958.

It would indeed be very irregular and unusual for the two couples to come in the store, one couple close behind the other couple, mill around at the same time, all four leave, and then come back together in about fifteen minutes. While all were in the store, this female, who was paired with defendant, picked out a dress, went into the dressing room, asked the store operator for help, and while helping, the other male committed the robbery.

After the operator had freed herself all four vanished.

We hold that the jury could justly conclude that the four confederated and planned the robbery. Parsons v. State, 33 Ala.App. 309, 33 So.2d 164(3).

The jury also could have concluded that the defendant showed a guilty conscience when he was apprehended behind a couch in hiding from the police officers.

We see no error in denying defendant's motion to exclude the evidence. Drummond v. State, 37 Ala.App. 308, 67 So.2d 280(4).

Nor was there any error on the part of the court in failing to charge the jury on larceny. The defendant did not submit any written charges pertaining to such offense. Winstead v. State, 53 Ala. App. 222, 298 So.2d 642, cert. denied, 298 Ala. 761, 298 So.2d 646.

The judgment of guilt and fixing punishment is affirmed.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.