337 So.2d 1378 (1976)
Alvin Vernon PARKER, alias
v.
STATE.
7 Div. 468.
Court of Criminal Appeals of Alabama.
October 5, 1976.
*1379 William D. Hudson, Gadsden, for appellant.
William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.
W. AUBREY DOMINICK, Circuit Judge.
Appellant-defendant, Parker, an indigent at the time of trial and on this appeal, was indicted for robbery and convicted therefor. The charge was that of robbing a grocery store. The sentence was ten years in the penitentiary.
On October 28, 1975, appellant and one Glover had entered the grocery store of a Mr. Bishop. There was no one else in the store at the time except Bishop. Parker had allegedly walked up to Bishop, struck a pistol in his face, and told him to go to the back of the store. Bishop went to the back *1380 and stepped into a cooler room and shut the door. Parker allegedly then shot once into the floor by the cooler. Bishop remained in the cooler room until he thought it was safe to come out. When Bishop left the cooler, the store was empty and $75.00 was missing from the cash register.
About fifteen minutes after the robbery, Parker returned to the store. Parker said he had come to the store because he had heard the police were looking for him. Bishop told the police that he was the person who had robbed him. He was arrested and taken to jail where he was advised of his constitutional rights. At that time he signed a waiver of rights but made no statement. The next morning he was brought from the jail for more questioning. He was advised of his rights again but he did not sign a waiver. He later allegedly confessed to the robbery.

I.
Appellant asserts that the trial court erred in sustaining the objection concerning oral testimony as to what the accused said to an investigating officer at the scene of the crime. The statement had been reduced to writing and signed by the accused. Prosecuting attorney had claimed that the written statement of the accused was the best evidence, and not what the officer had heard the accused say. Both the written statement and the oral testimony of a witness who heard the statement are classed as primary evidence. Elkins v. State, 250 Ala. 672, 35 So.2d 693. It could well be that written evidence would be more convincing and accordingly of greater weight, but either could have been admitted and it was not error for the Court to sustain objection to the oral statement.

II.
Counsel for defendant complains that the trial judge erred by not allowing the defendant to present evidence outside the presence of the jury as to the voluntariness of defendant's statement to police officers and in admitting said statement without first having heard such evidence.
Ordinarily, when the voluntariness of a confession is brought to a question, duty rests in the first instance on the trial judge to determine whether the confession was voluntary. Wallace v. State, 290 Ala. 201, 275 So.2d. 634; Kendrick v. State, 55 Ala.App. 11, 312 So.2d. 583. The trial judge did err by remarking to the lawyers at the bench that the voluntariness was to be determined by the jury. The error was harmless because the defendant denied over making any statement or confession to the police officers after receiving the "Miranda" warnings. Whether or not a statement was ever made is one of fact to be determined by the jury. A jury may disregard a confession if they entertain a reasonable doubt as to its truth. Bennett v. State, 46 Ala.App. 535, 245 So.2d. 570. The question of voluntariness is never reached.
Defense counsel also complains that the trial court erred by sustaining the objection to the question addressed to defendant on direct examination as to whether defendant understood the waiver of rights that he had signed. The question is moot. The defendant had been asked by the prosecuting attorney if he understood that which was read to him from a card that had the "Miranda" warnings on it after being arrested for trespassing three months prior to this incident. Defendant's response was that he thought he did.

III.
Another contention of the defendant is that the trial court committed reversible error in sustaining the state's objections to certain questions. The purpose of the questions was to show that the victim, Bishop, and defendant had past conflicts which had developed an ill will between them. It appears on the record that the evidence was independent and unconnected with that charged, and remote and irrelevant in its objective, and would shed no light on the existence of the bias. Therefore, the trial *1381 judge did not abuse his discretion by sustaining the State's objections to the questions. James v. State, 52 Ala.App. 389, 293 So.2d 305.

IV.
Remarks were made by the prosecuting attorney during closing arguments about what he remembered from when he was a child, to which defense counsel objected. It would have been proper for the Court to have sustained the objection to the remarks, but there was no reversible error. Taylor v. State, 54 Ala.App. 353, 308 So.2d. 714. As stated by Judge Harwood in Bullard v. State, 40 Ala.App. 641, 645, 120 So.2d 580, 584:
"Of necessity a wide discretion must be allowed the trial judge in regulating the argument of counsel. Trials are adversary in nature. Vigorous prosecution and defense is to be expected. Neither defense counsel nor the prosecutor should be too closely hampered by niceties of speech if he is to be effective, but should be permitted to say his say in his own style. This, of course, does not mean that unfair and prejudicial argument is to be condoned for one instant."
Also during the closing argument of the prosecuting attorney, a statement was made in which there was no evidence to support it. An objection was raised but overruled by the trial court. This was harmless error and without prejudice. Taylor v. State, 54 Ala.App. 353, 308 So.2d 714. Therefore, there was no injury.

V.
The final point defense counsel raises is that the Court should have instructed the jury on the lesser included offenses of larceny and assault. Defendant, however, denied over being in the grocery store the night of the robbery. He could not have committed these lesser offenses.
Also, defendant did not request in his written charges that lesser degrees of punishment be included in charging the jury. The defendant must submit written charges pertaining to such offenses. Reed v. State, 55 Ala.App. 138, 313 So.2d. 564; Winstead v. State, 53 Ala.App. 222, 298 So.2d 642, cert. denied, 292 Ala. 761, 298 So.2d 646.

VI.
We have considered the entire record under Code 1940, Title 15, Sec. 389, as last amended, and each ruling of the trial judge adverse to the appellant. From this examination we conclude that error is not made to appear.
The foregoing opinion was prepared by Honorable W. Aubrey Dominick, Circuit Judge of Tuscaloosa, temporarily on duty on this Court pursuant to subsection (4) of Section 38, Title 13, Code of 1940, as last amended; and the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.
BOOKOUT, J., concurs specially.
CATES, P. J., not sitting.
BOOKOUT, Judge (concurring specially):
Section IV of the opinion states in part the following:
"Also during the closing argument of the prosecuting attorney, a statement was made in which there was no evidence to support it. An objection was raised but overruled by the trial court. This was harmless error and without prejudice. . . ."
The statement there alluded to was:
"How long would it have been before he would have been discovered, locked up in the cooler, lying dead in his cooler, I submit to you? That's why no mask was used. That's why they stood on the corner and waited until nobody was in there to identify them but him."
*1382 Taylor v. State, supra, stands for the proposition that when a statement is made by the prosecuting attorney in his argument, which states as substantive fact a matter which was not in evidence, and which manifestly bears on a material inquiry before the jury, then reversible error may result.
We should not be taken to conclude from the above quoted portion of Section IV that it is harmless error for a prosecutor to make a statement of fact unsupported by the evidence. The argument of a prosecutor in the instant situation amounts to mere inference he was drawing from the fact that Bishop was in the cooler room during the time of the attempted robbery.
While he may not state material facts to the jury not supported by evidence, he may draw reasonable inferences from the evidence during closing argument. For this reason, I conclude that no error resulted in this instance.