BOOKOUT, Judge.
First degree murder; sentence: life imprisonment.
Omitting the formal portions, the indictment in the case reads as follows:
“. . . Larry Harvey, whose name is to the Grand Jury otherwise unknown, unlawfully, and with malice aforethought, killed Joseph Singleton, by shooting him with a gun or pistol
From the evidence presented, which included a properly admitted voluntary confession by the appellant, the jury could reasonably believe the following: that the appellant and three other men robbed Joseph Singleton; that during the perpetration of the robbery one of the appellant’s companions shot Joseph Singleton; and that as a result of being shot, Joseph Singleton died. The State’s evidence presented an overwhelming case of first degree murder under the second class of Title 14, § 314, Code of Alabama 1940 as supplemented by the accomplice statute, Title 14, § 14.
I
The appellant contends that there is a fatal variance between the indictment and the proof adduced at trial. We do not agree. The first time that this alleged variance was mentioned was in a motion to *188 exclude the State’s evidence which was made after the appellant had rested his case.
The preferable form of indictment for the second class of Title 14, § 314, supra, (felony-murder) would be to set out a brief, concise statement of the facts and elements constituting the offense. However, the appellate courts of Alabama have consistently held that an indictment sufficiently charges murder in the first degree if it follows the Code form, set out in Title 15, § 259(79). Jones v. State, 21 Ala.App. 234, 109 So. 189 (1926). Form 79, supra, has been used and approved in past felony-murder cases. King v. State, 49 Ala.App. 111, 269 So.2d 130 (1972). We have not been cited a case, nor have we found a case, which stands for the proposition that there is a fatal variance between an indictment following the language of § 259(79), supra, and proof of felony-murder. We find that no fatal variance exists here. Therefore, we need not consider the method and the timing of the objection to the alleged variance.
II
The appellant challenged several jurors for cause, and the challenges were denied by the trial judge. The appellant now contends the trial judge erred to reversal in not allowing the challenges.
Under the skillful questioning of appellant’s counsel, a few of the jurors exhibited a seemingly shallow knowledge of the presumption of innocence and of the appellant’s right to not be a witness against himself. The trial court was quick to point out to the prospective jurors that their knowledge of constitutional law was lacking. He also explained the presumptions and rights which were in the appellant’s favor. The jurors then said that they understood and would follow the trial judge’s instructions regarding the appellant’s constitutional rights. We conclude that the trial judge gave proper instructions to the jury and thus averted any error. Aaron v. State, 273 Ala. 337, 139 So.2d 309, cert. denied 371 U.S. 846, 83 S.Ct. 81, 9 L.Ed.2d 82 (1962).
Ill
The appellant’s final contention is that the trial judge erred in refusing four requested jury charges. The refused written charges were either affirmative in nature, incorrect statements of applicable law, argumentative under the evidence, confusing, or were fairly and substantially covered in the oral charge. We find that the trial judge committed no error in refusing the four charges. Barnett v. State, 52 Ala.App. 260, 291 So.2d 353 (1974).
AFFIRMED.
All the Judges concur.