Robbery; sentence: ninety-nine years imprisonment.
William B. Harrison testified he was the resident manager of Hilltop Arms Apartments in Montgomery, Alabama, on January 18, 1978. Approximately 6:00 p.m. that day Mr. Harrison closed his office and walked to a nearby elevator in the lobby of the apartments carrying a tackle box which he used as a money box for business receipts. Harrison testified at trial that the box contained currency and checks amounting to approximately $380.
As he was waiting on the elevator, two black males approached him and asked the location of a nonexistent apartment number 421. Harrison told them the apartment numbers did not go that high. One of the men (appellant) then grabbed the money box and attempted to wrench it from Harrison's hand. Harrison held on and appellant hit him across the head. As appellant continued to twist the box, breaking Harrison's hand in the process, Harrison drew his gun from his pocket and shot appellant just as he wrenched the box free. Appellant fled as had the other assailant, and Harrison shot him again. Mr. Harrison chased after appellant out to the street and saw that he still had the box. Harrison returned to the lobby and called the police. A short time later, Harrison again saw appellant when he was brought to the apartments after having been taken into custody by police.
Ms. Lady Ruth Johnson, a resident of Hilltop Arms, testified she and her mother were seated in the lobby at the time of the robbery and witnessed the assault upon Mr. Harrison. She corroborated Harrison's version of the events and added that she ran to the street and called for help and had seen the robber fall in the gutter as he fled. She stated that appellant, when brought back to the apartments by police, appeared to be wearing the same clothes as the man who had robbed Harrison. She could not, however, make an identification of appellant himself, because she had been unable to observe his face during the robbery.
Patrolman Frank Robinson testified that after receiving a call from the Hilltop Arms, he patrolled the surrounding area and observed appellant walking down a sidewalk on Clayton Street. Robinson noticed appellant's mouth was bloody and questioned him. Appellant stated he had been involved in an accident. Robinson took appellant to the Hilltop Arms and turned him over to detectives at the scene.
Detective William R. Wilson stated he saw appellant in Jackson Hospital. He gave appellant the Miranda warning and procured a signed waiver of rights form from appellant. He testified appellant confessed his guilt to him several times orally, but made no written confession.
 I
Appellant argues the trial court erred in changing the ten year prison sentence returned by the jury against appellant to a term of ninety-nine years imprisonment. Appellant contends that the Code of Alabama 1975 tacitly adopts the Code of Alabama 1940 provisions as to sentencing for the punishment of robbery.
Title 14, § 415, Code of Alabama 1940 reads as follows:
 "Punishment of robbery. — Any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years." (Emphasis added)
Section 13-3-110, Code of Alabama 1975, which replaces Title 14, § 415 above, omits the phrase investing the jury with sentencing authority:
 "Any person who is convicted of robbery shall be punished by imprisonment in the penitentiary for not less than 10 years, or as otherwise specified by law." *Page 396 
It is clear, however, that § 13-3-110 does not tacitly adopt the 1940 Code sentencing authority provision. Section 15-18-20, Code of Alabama, 1975, which must be read in conjunction with § 13-3-110, specifically states:
 "When an offense is punishable by imprisonment in the penitentiary or hard labor for the county, the court
must impose the term of punishment, unless the power is expressly conferred on the jury." (Emphasis added).
Hence, unless the jury is expressly invested with sentencing authority by statute, that power is vested exclusively in the trial court. The jury is not invested with sentencing authority for robbery convictions under the 1975 Code. That authority rests in the trial judge alone. Thus, appellant's argument is without merit.
 II
Appellant argues the trial court erred in denying his motion for a directed verdict based upon a variance between the amount alleged in the indictment to have been stolen and the proof of such amount adduced at trial. The indictment alleged $320 in lawful currency and $62 in checks had been stolen. Detective Toddy testified $102 in checks was stolen along with approximately $326 in currency. Mr. Harrison testified initially there was $380 to $382 stolen, and later that $240 in currency and one check for $62 had been stolen.
The indictment alleges the amount stolen was $382. Mr. Harrison, though contradicting himself later, did testify that $382 was the amount stolen. Thus, even though there was a conflict in the evidence, this was a question of fact for the jury and there was ample evidence presented to sustain their finding that the indictment correctly alleged the amount stolen.May v. State, Ala.Cr.App., 335 So.2d 242 (1976). Additionally, when testimony at trial on a robbery charge as to the amount stolen does not coincide with the amount alleged in the indictment, such a variance is not fatal and is immaterial.Sanders v. State, 289 Ala. 224, 266 So.2d 802, on remand,48 Ala. App. 753, 266 So.2d 806 (1972).
 III
Appellant's last contention is that the following testimony was a prejudicial plea for retribution by the witness which should not have been allowed as evidence by the trial court:
 "A And, so, I was — well, greatly shocked and frightened beyond words, and furious to think that anybody would come in and do such a thing. There we were in our own —
"MR. WILLIAMS: Objection, your Honor.
"THE COURT: Overruled. You may proceed.
 "A There we were in our own lobby sitting there behaving ourselves —
"MR. WILLIAMS: Your Honor, I object.
"THE COURT: Overruled.
 "A And these two men came in and — there were two. And, so, we couldn't do anything because there were two of them. One could engage Mr. Harrison and the other one, if we had started to the telephone, which I wanted to do but I could not —
"MR. WILLIAMS: Your Honor —
"THE COURT: All right. Next question."
Where a question has been answered before an objection is stated, the objection comes too late, and in the absence of a motion to exclude, amounts to a waiver. Barnett v. State,52 Ala. App. 260, 291 So.2d 353 (1974); Willingham v. State, 261 Ala. 454, 74 So.2d 241 (1954). Appellant having failed to properly preserve any possible error, there is nothing before this court to review.
We have reviewed the grounds for reversal relied upon by appellant in light of the record and the briefs, and find no prejudicial error to the substantial rights of appellant which would mandate a retrial to this cause.
AFFIRMED.
All the Judges concur. *Page 397